**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2544WM

_____

United States of America,      *
      *
            Appellee,      *      Appeal from the United States
      *      District Court for the Western
    v.            *      District of Missouri.
      *
Charles H. Harrison, Jr., also  *
known as Chuck,      *
      *
            Appellant.      *

_____

Submitted:  March 11, 1997

Filed:  May 9, 1997

_____

Before FAGG, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

FAGG, Circuit Judge.


Charles Harrison pleaded guilty to conspiracy to distribute cocaine base, see 21 U.S.C. §§ 841(a), 846 (1994), and using a gun during the drug crime, see 18 U.S.C. § 924(c).  The district court sentenced Harrison to 121 months for the drug offense and sixty consecutive months for the gun offense.  After Harrison lost his direct appeal, the Supreme Court decided Bailey v. United States, 116 S. Ct. 501 (1995), which narrowed the definition of "using" a firearm within the meaning of § 924(c).  With this new ammunition, Harrison filed a 28 U.S.C. § 2255 motion to vacate his gun sentence.  The Government conceded Harrison's underlying gun conviction should be reversed in light of Bailey, but argued the district court should enhance Harrison's drug sentence for his possession of a firearm.  See U.S. Sentencing Guidelines Manual §

2D1.1(b)(1) (1996).  Because the <u>Guidelines</u> bar the § 2D1.1(b)(1) enhancement as double counting when a defendant is convicted of violating § 924(c), <u>see</u> <u>id.</u> § 2K2.4 n.2; <u>United States v. Friend</u>, 101 F.3d 557, 558-59 (8th Cir. 1996), the district court did not consider whether the enhancement applied at Harrison's original sentencing.

Following a resentencing hearing, the district court vacated the sixty month term originally imposed on the erroneous gun conviction.  The district court found the firearm possession enhancement applied and imposed a revised term of 151 months imprisonment on the drug conviction, thirty months less than Harrison's total original sentence.  The district court told Harrison, "The sentence [imposed] today is the sentence that you would have received [on the drug charge at your original sentencing in May 1992] had there not been a gun count mandating a consecutive five year sentence . . . ."  Harrison appeals his revised drug sentence.  We affirm.

Because Harrison did not challenge the drug conviction or sentence in his § 2255 motion, Harrison contends the district court lacked jurisdiction to resentence him on the drug conviction and should have simply vacated his erroneous gun sentence.  If Harrison had successfully attacked his gun conviction on direct appeal rather than collaterally, our earlier cases would permit his resentencing.  We have held that when <u>Bailey</u> requires reversal of a § 924(c) conviction on direct appeal, the district court may consider whether an unchallenged drug sentence should be enhanced for possession of a firearm.  <u>See</u> <u>United States v. Behler</u>, 100 F.3d 632, 640 (8th Cir. 1996); <u>United States v. Rehkop</u>, 96 F.3d 301, 306 (8th Cir. 1996); <u>United States v. Thomas</u>, 93 F.3d 479, 488 (8th Cir. 1996).  In this case, we must decide whether similar

resentencing is permissible after reversal of a gun conviction in a collateral proceeding. Agreeing with the circuits that have decided the issue, we conclude the district court had power to resentence Harrison on his drug conviction. See United States v. Binford, No. 96-2419, 1997 WL 91851, at *6-7 (7th Cir. Mar. 4, 1997)(28 U.S.C. § 2255 confers jurisdiction); United States v. Hillary, 106 F.3d 1170, 1171-73 (4th Cir. 1997) (same); see also United States v. Handa, No. 96-16468, 1997 WL 134095, at *1-2 (9th Cir. Mar. 26, 1997) (holding circuit precedent and government concession prevented adoption of view that § 2255 permits resentencing after reversal of § 924(c) conviction, but court of appeals had authority under 28 U.S.C. § 2106 to vacate defendant's entire sentence and remand for resentencing on drug conviction).

The district court can modify a previously imposed term of imprisonment if expressly permitted by statute. See 18 U.S.C. § 3582(c)(1)(B) (1994). Harrison contends § 2255 does not permit modification of his drug sentence. We disagree. Section 2255 provides:

> A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence. . . . If the court finds that . . . the sentence imposed was not authorized by law . . . the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence [the prisoner] or grant a new trial or correct the sentence as may appear appropriate.

The statute gives district courts broad and flexible remedial authority to resentence a defendant and to correct the sentence as appropriate. See Hillary, 106 F.3d at 1171. A remedy that seems appropriate is to put § 2255 defendants in the same position as defendants on direct appeal by permitting resentencing, see id. at

-3-

1172, and to impose a sentence that would have been rendered but for the challenged error. Whether the district court has power to do so depends on the breadth of the term "sentence" in § 2255. See Binford, 1997 WL 91851, at *6. Reading the statute narrowly, Harrison contends § 2255 only authorizes modification of the specific term of imprisonment associated with the single count of conviction attacked, here, the gun sentence. On the other side, the Government contends that when Harrison filed his § 2255 motion challenging the legality of his gun conviction, he put in issue all interdependent components of his total sentence.

Because the mandatory sixty month term for the gun conviction and the firearm enhancement on the drug conviction are interdependent, the terms of imprisonment imposed on the gun and drug convictions constitute a "sentence" within the meaning of § 2255. See Binford, 1997 WL 91851, at *6; Hillary, 106 F.3d at 1172. The district court originally took Harrison's gun possession into account by sentencing him for using a gun during the drug crime, which directly prevented the court from enhancing Harrison's drug sentence for firearm possession. Once the district court vacated the term imposed on the erroneous gun conviction, the district court could appropriately correct Harrison's interdependent drug term by applying the firearm enhancement. See Binford, 1997 WL 91851, at *7; Hillary, 106 F.3d at 1172-73.

Harrison asserts application of the enhancement on resentencing violates double jeopardy because he has already served part of the drug term. The Double Jeopardy Clause prevents a sentencing court from increasing a defendant's sentence after the defendant has developed a legitimate "expectation of finality in the original sentence." United States v. DiFrancesco, 449 U.S. 117, 139 (1980). When a defendant challenges one of at least two

interdependent sentences, however, the defendant has effectively challenged the interwoven sentencing plan.  See Binford, 1997 WL 91851, at *7-8; United States v. Shue, 825 F.2d 1111, 1115 (7th Cir. 1987).  Because the defendant has no legitimate expectation of finality in any discrete part of an interdependent sentence after a partially successful appeal or collateral attack, there is no double jeopardy bar to enhancing an unchallenged part of an interdependent sentence to fulfill the court's original intent. See Binford, 1997 WL 91851, at *7-8; Handa, 1997 WL 134095, at *2; Shue, 825 F.2d at 1115.  Since Harrison has served less than 121 months of his original drug term, we need not decide whether double jeopardy bars resentencing of a § 2255 petitioner on fully served parts of an interdependent sentence.  Compare Woodhouse v. United States, No. 96-3112, 1997 WL 125930, at *1-2 (7th Cir. Mar. 20, 1997) (no expectation of finality in fully served drug term) with Warner v. United States, 926 F. Supp. 1387, 1393-94 (E.D. Ark. 1996) (expectation of finality in fully served drug term).

Last, Harrison contends the Government is seeking the gun possession enhancement to penalize him for filing a § 2255 motion, and thus, his resentencing violates his right to due process.  We find no evidence of vindictiveness in Harrison's resentencing. Harrison's total sentence has been reduced by almost three years and the district court resentenced Harrison according to the court's original sentencing plan.  See Shue, 825 F.2d at 1115-16. In these circumstances, we conclude Harrison's resentencing does not violate due process.

Imposing a sentence that the Guidelines make appropriate for Harrison's conduct is not fundamentally unfair.  Harrison possessed a gun during the drug conspiracy, and the enhancement for its possession was blocked at his original sentencing only by his

separate § 924(c) gun conviction, which was later deemed legally unsound. If we did not permit resentencing of defendants who successfully challenge § 924(c) convictions in § 2255 proceedings, they would receive lighter sentences than defendants who successfully attack their § 924(c) convictions on direct appeal and can be resentenced. Permitting resentencing on the drug conviction simply puts Harrison back in the situation he would have faced under the law at the time of his arrest had the erroneous gun charge not been brought. See Handa, 1997 WL 134095, at *2.

We affirm the district court.

HEANEY, Circuit Judge, dissenting.

I dissent because, in my view, the district court lacks jurisdiction to enhance Harrison's sentence for the drug conviction that he did not challenge in this collateral appeal. Regardless of whether it "seems appropriate to put § 2255 defendants in the same position as defendants on direct appeal by permitting resentencing," Majority Op., supra, at 3, there is simply no legal basis on which to do so at this stage of the proceedings.

Section 2255 permits a prisoner to move the district court for relief if he believes his sentence is unconstitutional and the statute expressly provides the court with authority to vacate, set aside, or correct "the sentence." Thus, I agree with the majority insofar as it asserts that the district court's power to resentence Harrison on the unchallenged conviction depends on the breadth of the term "the sentence" in section 2255. I am convinced, however, that in the context of the entire provision, the term's meaning is clearly limited to only the sentence specifically challenged by the defendant on collateral appeal. "The sentence" is used in the

-6-

statute to define the scope of a challenge under section 2255 (i.e., a prisoner's claim "that the sentence was imposed in violation of the Constitution or laws of the United States") and again, to establish the relief that the district court can afford if the claim has merit (i.e., if "the sentence imposed was not authorized by law . . . the court shall vacate and set the judgment aside and shall discharge the prisoner . . . or correct the sentence as may appear appropriate."). For the statute to make sense, "the sentence" must have a constant meaning and, reading the provision as a whole, that meaning is logically limited to the sentence collaterally challenged by the prisoner. Because Harrison does not challenge either his conviction or sentence on the drug count, that sentence simply is not before the district court in this section 2255 proceeding.

Moreover, the language of section 2255 expressly provides that relief under the statute is available only to a prisoner in the custody of the United States. The only party seeking "relief" with respect to the drug conviction (assuming for the sake of argument that an increased drug sentence can be called "relief" for these purposes) is the government. I agree with the observation made by Judge Eisele that, "no matter how hard one tries, one simply cannot shoehorn the United States into the class of persons who are entitled to seek relief under [section 2255]." Warner v. United States, 926 F. Supp. 1387, 1398 (E.D. Ark. 1996). In fact, given that only a prisoner is entitled to relief under section 2255, I am hard-pressed to envision a circumstance in which a district court would ever use section 2255 to enhance a previously-imposed sentence. I firmly believe that if a section 2255 movant elects not to challenge any part of the total sentence imposed at trial, even if he loses on the section 2255 motion, he should be in no

worse position than when he started, vis-a-vis the unchallenged sentence.

Therefore, I would reverse the district court and vacate the enhanced sentence on the count of conviction that Harrison never challenged in this section 2255 proceeding.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.