**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2482
_____

| | |
|---|---|
| Wayne Anthony Gardiner, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| United States of America, | * |
| | * |
| Appellant. | * |

_____

No. 96-2530
_____

Appeals from the United States
District Court for the District of
Minnesota.

| | |
|---|---|
| Ernesto Gutierrez-Silva, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| United States of America, | * |
| | * |
| Appellant. | * |

_____

No. 96-2626
_____

Kevin Beal,                              *
                                         *
          Appellee,                      *
                                         *
     v.                                  *
                                         *
United States of America,                *
                                         *
          Appellant.                     *
                    _____

                         Submitted: March 11, 1997
                             Filed: May 27, 1997
                    _____

Before WOLLMAN and BEAM, Circuit Judges, and LAUGHERY,[1] District Judge.
                    _____

BEAM, Circuit Judge.

     These consolidated appeals present the question whether, in an action under 28 U.S.C. § 2255, a district court has authority to resentence a prisoner on a drug trafficking conviction after vacating a related conviction for using a firearm in relation to a drug offense in violation of 18 U.S.C. § 924(c).  We hold that the court has such authority.

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

## I.    BACKGROUND

In unrelated cases, Gardiner, Gutierrez-Silva, and Beal (petitioners) were charged in multi-count indictments with drug trafficking charges. Each was also charged with using a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Petitioners were all convicted of both the drug and weapons charges. Convictions under § 924(c) carry a mandatory five-year term of imprisonment, which must run consecutive to any sentences for related convictions. In each case, the sentencing courts determined sentences for the drug trafficking charges in accordance with the United States Sentencing Guidelines. Under the Guidelines, a defendant convicted of a drug trafficking offense is subject to a two-level enhancement of the base offense level if he is found to have possessed a dangerous weapon. U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995). However, if the defendant is also convicted of a § 924(c) firearms charge, the Guidelines prohibit application of the § 2D1.1(b)(1) enhancement because this would constitute "double-counting" the same conduct. U.S.S.G. § 2K2.4, comment. (n.2).

After petitioners had begun to serve their sentences, the United States Supreme Court held in Bailey v. United States that a conviction under § 924(c) requires a showing of "active employment of the firearm by the defendant . . . that makes the firearm an operative factor in relation to the predicate offense." 116 S. Ct. 501, 505 (1995). Petitioners then brought habeas corpus actions, claiming that the standard announced in Bailey rendered their § 924(c) convictions invalid. The district court determined that Bailey required the convictions to be vacated (the petitioners' habeas actions were considered by the same judge below). The government moved for resentencing on petitioners' drug convictions, arguing that with the § 924(c) convictions vacated, nothing prevented application of the § 2D1.1(b)(1) weapon enhancement. The district court concluded that it lacked authority to resentence petitioners on the drug trafficking charges. The government appeals.

**II.  DISCUSSION**

These cases are the latest in a series dealing with the application of <u>Bailey</u> to defendants convicted on § 924(c) charges prior to the Supreme Court's decision in that case.  In cases before us on direct appeal, we have remanded to the district court for resentencing on the related drug trafficking charges after concluding that <u>Bailey</u> requires a § 924(c) conviction to be vacated.  <u>See, e.g.</u>, <u>United States v. Roulette</u>, 75 F.3d 418, 426 (8th Cir. 1996).  The issue in the present appeals is whether the district court may conduct such resentencing after vacating a § 924(c) conviction in a § 2255 habeas action.  Another panel of this court recently held that district courts have authority to conduct such resentencing in § 2255 actions, rejecting precisely the same arguments that petitioners in this case advance.  <u>United States v. Harrison</u>, No. 96-2544, slip op. at 2-6 (8th Cir. May 9, 1997).  We are, of course, bound by that decision, but in any event reach the same conclusion.

The district court concluded that it had no authority to resentence petitioners on their drug trafficking convictions because their § 2255 actions challenged only the validity of their § 924(c) firearms convictions.  The court reasoned that the § 924(c) convictions were distinct from the unchallenged drug trafficking convictions, and, thus, recalculating the drug trafficking sentences applying the § 2D1.1(b)(1) enhancement would constitute a sua sponte resentencing.  Similarly, petitioners argue that § 2255 provides no basis for the government's motion for resentencing because the habeas statute allows only persons in custody to seek postconviction relief, not the government.  Because they did not challenge their drug convictions, petitioners argue, the district court had no power to "reopen" the sentences on those charges.

The federal habeas corpus statute provides that when a federal court finds that a judgment was rendered without jurisdiction or is legally infirm, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C.  § 2255.

-4-

Section 2255 affords the court broad and flexible power in correcting invalid convictions or sentences. Andrews v. United States, 373 U.S. 334, 339 (1963); United States v. Hillary, 106 F.3d 1170, 1171 (4th Cir. 1997). The question here is whether that authority extends to recalculating the sentence on one part of a multi-count judgment, when the court has set aside the sentence imposed on another count. We think that it does, and so join the Fourth, Seventh, and Ninth Circuits in holding that a prisoner who brings a § 2255 action to set aside a § 924(c) conviction in light of Bailey may be resentenced on his related drug trafficking conviction. See United States v. Handa, 110 F.3d 42, 44 (9th Cir. 1997); Hillary, 106 F.3d at 1173 (4th Cir. 1997); United States v. Smith, 103 F.3d 531, 533-35 (7th Cir. 1996).

We agree that "a multi-count sentence is a package [and] severing part of the total sentence usually will unbundle it." Smith, 103 F.3d at 534. When a prisoner is sentenced for multiple related convictions, the sentencing court issues one judgment. That judgment encompasses all of the convictions and discrete "sentences" for specific offenses that, in the aggregate, determine one overall term of custody. "Under the sentencing package concept, when a defendant raises a sentencing issue, he attacks the bottom line." Id. When a prisoner collaterally attacks a portion of a judgment, he is reopening the entire judgment and cannot selectively craft the manner in which the court corrects that judgment.

Furthermore, the only reason resentencing is even at issue in these cases is because the § 924(c) sentences were intertwined with the drug trafficking sentences in the original proceedings. All of the petitioners were subject to a § 2D1.1(b)(1) enhancement for their drug trafficking sentences for possession of firearms. This enhancement could not be applied, however, because the § 924(c) conviction already penalized that same conduct. The sentences on these two related counts have always been interdependent, and the judgments so reflected. Because petitioners' § 924(c) sentences are intertwined with their drug sentences, vacating the § 924(c) convictions without allowing for resentencing on the drug convictions would result in periods of

custody based on an erroneous application of the Sentencing Guidelines. This would be inconsistent with both the Guidelines and with § 2255, which directs the court to "correct the sentence as may appear appropriate."

Petitioners also argue, and the district court concluded, that double jeopardy concerns militate against resentencing. However, "the pronouncement of sentence has never carried the finality that attaches to an acquittal." United States v. DiFrancesco, 449 U.S. 117, 133 (1980). This is particularly true of a resentencing upon appeal. Pennsylvania v. Goldhammer, 474 U.S. 28, 30 (1985) (per curiam). In the cases before us, petitioners themselves put their convictions before the court by bringing collateral actions. They cannot claim to have any legitimate expectation of finality in their sentences when they have put their entire judgment, encompassing interdependent sentences, before the court. See Smith, 103 F.3d at 535 ("When there is an alteration in the components of a sentence, the entire sentence is altered. If the alteration contains within itself potential for permeating the whole sentence, the entire sentence can be revisited.") We hold, therefore, that application of the § 2D1.1(b)(1) adjustment on resentencing does not constitute double jeopardy. See id. (accord).

## III. CONCLUSION

For the foregoing reasons, the judgments of the district court are reversed. We remand for further proceedings consistent with this opinion.


A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.