**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 96-2919

|  |  |  |
|---|---|---|
| Daniel Greg Dossett, | * | |
|  | * | |
| Appellee, | * | Appeal from the United States |
|  | * | District Court for the District of |
| v. | * | South Dakota. |
|  | * | |
| United States of America, | * | |
|  | * | |
| Appellant. | * | |

_____

Submitted: March 11, 1997
Filed: May 27, 1997
_____

Before WOLLMAN and BEAM, Circuit Judges, and LAUGHREY,[1] District Judge.
_____

BEAM, Circuit Judge.

Daniel Greg Dossett was convicted of using a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c), and of conspiracy to distribute a controlled substance. After he had begun to serve his term of custody, the United States Supreme Court decided Bailey v. United States, 116 S. Ct.. 501 (1995), which clarified the kinds of conduct that constitute a violation of § 924(c). Dossett then brought a collateral action pursuant to 28 U.S.C. § 2255, requesting that the district

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

court vacate his § 924(c) conviction in light of <u>Bailey</u>. The district court granted the petition.

The government requested that the district court resentence Dossett on his remaining drug conviction, applying the Sentencing Guidelines' two-level enhancement for possession of a dangerous weapon. <u>See</u> U.S. Sentencing Guidelines Manual, § 2D1.1(b)(1). The court in Dossett's original sentencing proceeding had been prohibited from applying the § 2D1.1(b)(1) enhancement, because Dossett's sentence for the § 924(c) conviction already penalized that conduct. U.S.S.G. § 2K2.4, comment. (n.2). The government argued that with the § 924(c) conviction set aside, the drug sentence should be recalculated applying the § 2D1.1(b)(1) enhancement. The district court denied the government's motion, concluding that it had no jurisdiction to resentence Dossett on the drug conviction, and that such resentencing would constitute double jeopardy. The government appealed.

In two other cases, this court has already held that a district court in a § 2255 action has authority to resentence a prisoner on related convictions and apply the § 2D1.1(b)(1) enhancement when it has vacated a § 924(c) conviction in light of <u>Bailey</u>. <u>Gardiner v. United States</u>, No. 96-2482, slip op. at 4-5 (8th Cir. May 27, 1997); <u>United States v. Harrison</u>, No. 96-2544, slip op. at 3 (8th Cir. May 9, 1997). We have also held that such a resentencing does not constitute double jeopardy. <u>Gardiner</u>, slip op at 6; <u>Harrison</u>, slip op. at 5. Based on <u>Gardiner</u> and <u>Harrison</u>, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

A true copy.

     ATTEST:

     CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.