**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2799

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Isaac Rivera, also known as Ramon | * | District of Minnesota. |
| Ruiz, also known as Ramon Ruiz | * | |
| Corrales, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 23, 1997
Filed: October 30, 1997

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

In 1994, Isaac Rivera pleaded guilty to possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841 (1994), and possessing a firearm in relation to drug trafficking, in violation of 18 U.S.C. § 924(c) (1994). The District Court[1]

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

sentenced Rivera to consecutive prison terms of 70 months on the drug count and 60 months on the firearm count. Upon Rivera's 28 U.S.C. § 2255 (1994) motion, the District Court vacated his firearm conviction in light of <u>Bailey v. United States</u>, 116 S. Ct. 501, 506 (1995). The Court then resentenced Rivera on the drug count to 84 months imprisonment, after imposing a two-level enhancement for the possession of a firearm. <u>See</u> U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995) (providing for two-level enhancement if firearm involved).

Rivera appeals, arguing that the District Court lacked jurisdiction to resentence him on the unchallenged drug conviction, as the purpose and scope of section 2255 do not authorize such an action, and that his challenge to the firearm conviction did not bring the entire "sentencing package" before the court. Rivera's arguments are foreclosed by <u>United States v. Harrison</u>, 113 F.3d 135, 137-38 (8th Cir. 1997) (concluding that § 2255 allows enhancement of unchallenged drug sentence for firearm possession after vacating firearm conviction in light of <u>Bailey</u>), and therefore we affirm the District Court's judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.