129 F.3d 122
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v. Isaac RIVERA, also known as Ramon Ruiz, also known as
Ramon Ruiz Corrales, Appellant.
 No. 97-2799.
 United States Court of Appeals, Eighth Circuit.
 Submitted: October 23, 1997
Filed: October 30, 1997
 
 Appeal from the United States District Court for the District of Minnesota.
 Before FAGG, BOWMAN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 In 1994, Isaac Rivera pleaded guilty to possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841 (1994), and possessing a firearm in relation to drug trafficking, in violation of 18 U.S.C. § 924(c) (1994). The District Court[1] sentenced Rivera to consecutive prison terms of 70 months on the drug count and 60 months on the firearm count. Upon Rivera's 28 U.S.C. § 2255 (1994) motion, the District Court vacated his firearm conviction in light of Bailey v. United States, 116 S.Ct. 501, 506 (1995). The Court then resentenced Rivera on the drug count to 84 months imprisonment, after imposing a two-level enhancement for the possession of a firearm. See U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995) (providing for two-level enhancement if firearm involved).
 
 
 2
 Rivera appeals, arguing that the District Court lacked jurisdiction to resentence him on the unchallenged drug conviction, as the purpose and scope of section 2255 do not authorize such an action, and that his challenge to the firearm conviction did not bring the entire "sentencing package" before the court. Rivera's arguments are foreclosed by United States v. Harrison, 113 F.3d 135, 137-38 (8th Cir.1997) (concluding that § 2255 allows enhancement of unchallenged drug sentence for firearm possession after vacating firearm conviction in light of Bailey ), and therefore we affirm the District Court's judgment.
 
 
 3
 A true copy.
 
 
 
 [1]
 The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota