United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-3133

_____

Billy Ralph Cooper,                  *

                                  *

        Appellee,              *

                                  *   Appeal from the United States

      v.                      *   District Court for the

                                  *   District of Minnesota.

United States of America,    *

                                  *

        Appellant.           *

_____

Nos. 96-3134/3344

_____

Larry Roberson,                 *

                                    *

        Appellee/Cross-Appellant,  *

                                  *   Appeals from the United States

      v.                      *   District Court for the

                                  *   District of Minnesota.

United States of America,    *

                                  *

        Appellant/Cross-Appellee.  *

_____

Submitted: October 22, 1997
Filed: November 25, 1997

_____

Before BEAM and FLOYD R. GIBSON, Circuit Judges, and WEBB,[1] Chief District Judge.

_____

BEAM, Circuit Judge.

In these consolidated 28 U.S.C. § 2255 petitions, prisoners Billy Ralph Cooper and Larry Roberson sought to vacate their convictions and sentences under 18 U.S.C. § 924(c)(1), in light of the Supreme Court's decision in <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995). The district court vacated the 924(c)(1) convictions, but denied the government's request for resentencing on the underlying drug charges with application of the two-level sentencing enhancement for possession of a firearm prescribed by the Sentencing Guidelines. <u>See</u> U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2D1.1(b)(1). The government appeals the denial of its resentencing motion. Roberson also filed a cross-appeal. We affirm in part, and remand to the district court for reconsideration in light of <u>United States v. Harrison</u>, 113 F.3d 135 (8th Cir. 1997), and <u>Gardiner v. United States</u>, 114 F.3d 734 (8th Cir. 1997), <u>cert. denied sub nom.</u>, <u>Gutierrez-Silva v. United States</u>, 66 U.S.L.W. 3282 (U.S. Oct. 14, 1997) (No. 97-5834).

## I.    BACKGROUND

Petitioners Cooper and Roberson were convicted on various drug possession and conspiracy charges and sentenced to 121 and 235 months imprisonment, respectively. Both received an additional sixty-month sentence for using a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The Sentencing Guidelines

_____

[1]The Honorable Rodney Webb, Chief Judge, United States District Court for the District of North Dakota, sitting by designation.

provide that a drug sentence shall be enhanced by two levels if a dangerous weapon was possessed.  See U.S.S.G. § 2D1.1(b)(1).  At the original sentencings in 1990, petitioners' sentences were not affected by this provision because the Guidelines prohibit the enhancement when a defendant is also convicted of the gun offense defined in section 924(c)(1).  See U.S.S.G. § 2K2.4 comment. (n.2).

Section 924(c)(1) makes it unlawful to "use[] or carr[y] a firearm" in relation to a drug offense.  At the time petitioners were convicted, this court maintained that mere evidence of proximity of the firearm to drugs or drug proceeds was sufficient to support a conviction under the statute.  See, e.g., United States v. LaGuardia, 774 F.2d 317, 321 (8th Cir. 1985); United States v. Matra, 841 F.2d 837, 843 (8th Cir. 1988).  In 1995, while Cooper and Roberson were serving their sentences for the drug charges, the Supreme Court held that the government must show active employment of the firearm in order to prove "use" within the meaning of 924(c)(1).  See Bailey, 116 S. Ct. at 509.  Thereafter, Cooper and Roberson filed actions under 28 U.S.C. § 2255 seeking to vacate their 924(c)(1) convictions.  The United States conceded in the district court that the 924(c)(1) convictions should be vacated pursuant to Bailey, but requested resentencing on the underlying drug convictions, in order to apply the two-level enhancement set out in section 2D1.1(b)(1).  With respect to both petitioners, the district court granted the motion to vacate the 924(c)(1) conviction, but denied the government's motion for resentencing.

## II.   DISCUSSION

At the time of the district court's decision, the law regarding the court's authority to resentence on the drug convictions was unclear.  Since then, Harrison, 113 F.3d at 138, and Gardiner, 114 F.3d at 735, have held that "in an action under 28 U.S.C. § 2255, a district court has authority to resentence a prisoner on a drug trafficking conviction after vacating a related conviction for using a firearm in relation to a drug offense in violation of 18 U.S.C. § 924(c)."  Gardiner, 114 F.3d at 735.  This is

controlling precedent on the question whether the district court could have enhanced the drug sentences of Cooper and Roberson pursuant to the government's motion.

Cooper and Roberson urge us to affirm the decision of the district court notwithstanding Harrison and Gardiner. They argue that the court denied the government's enhancement motion on the merits, not on grounds of lack of authority. After carefully reviewing the transcript of the district court proceedings, we cannot agree that the court's decision was based solely on the merits of the government's motion. The parties argued extensively regarding the court's authority to reopen the unattacked drug sentences. See Tr. at 4-8. At one point, the government requested a stay of the district court's order pending resolution of the authority question by this court. See Tr. at 18. Counsel for Roberson informed the district court that "two or three cases [are] already docketed in the circuit on [the authority] issue, so it's going to get decided relatively soon." Tr. at 20. In addition, the court expressed an understanding that the finality of the order issued with respect to Cooper was subject to the government's decision to appeal and to the outcome of the authority question. See Tr. at 23. We are convinced that both the parties and the court considered the Harrison/Gardiner authority issue to be a determining factor.

We do not dispute that the district court questioned the propriety of the gun enhancement for some or all of the defendants in this case. However, Harrison and Gardiner now give an unequivocal answer to the district court's concern over its authority to resentence. Accordingly, we remand these cases to the district court for reconsideration in light of Harrison and Gardiner.

We have reviewed Roberson's other arguments on appeal, including his claim of ineffective assistance of counsel, and we conclude that they are without merit. We therefore affirm the district court's denial of the motion to vacate Roberson's drug sentences.

-4-

## III.  CONCLUSION

For the foregoing reasons, we affirm in part, and remand to the district court for reconsideration.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.