# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1450

_____

United States of America,     *
              *
     Appellee,     *
              *
   v.         * Appeal from the United States
              * District Court for the
Phillip Alonzo Jones, also known as * Eastern District of Missouri.
Willow,         *
              *   [UNPUBLISHED]
     Appellant.    *

_____

Submitted: March 7, 2001
Filed: March 20, 2001

_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

In 1992, Phillip Alonzo Jones pleaded guilty to five drug and drug-related offenses, and was sentenced to an aggregate of 211 months imprisonment. After he successfully moved to vacate his conviction for using and carrying a firearm during and in relation to a drug-trafficking offense, under Bailey v. United States, 516 U.S. 137 (1995), the District Court[1] resentenced him to 211 months imprisonment. Jones appeals, arguing that the Court erred in enhancing his offense level under U.S.

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

Sentencing Guidelines Manual § 2D1.1(b)(1) for possessing firearms in connection with the drug offense. He also contends that the government breached the 1992 plea agreement by failing to recommend an offense level that did not include the enhancement and a sentence at the low end of the resulting Guidelines imprisonment range. We grant Jones's request to file a pro se supplemental brief, and we have considered his tendered brief.

We first conclude that, by bringing a <u>Bailey</u> motion, Jones unbundled his interdependent sentences for multiple convictions, waived whatever expectation of finality he might have had regarding his sentence on the drug counts, and opened the door to the section 2D1.1(b)(1) enhancement. <u>See</u> <u>Gardiner v. United States</u>, 114 F.3d 734, 736 (8th Cir.), <u>cert. denied</u>, 522 U.S. 923 (1997); <u>Pasquarille v. United States</u>, 130 F.3d 1220, 1222-23 (6th Cir. 1997). Second, we conclude that the District Court did not clearly err in applying the enhancement based on Jones's factual stipulation and change-of-plea colloquy. <u>See</u> <u>Brown v. United States</u>, 169 F.3d 531, 532-33 (8th Cir. 1999).

Accordingly, we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.