# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 17-1238

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Jeffrey Ritchison

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Nebraska - Omaha

——————————

Submitted: November 17, 2017
Filed: April 4, 2018

——————————

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

——————————

KELLY, Circuit Judge.

Following <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), and <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016), the district court[1] vacated Jeffrey Ritchison's

———————————————————

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

15-year sentence and resentenced him to a 10-year term of imprisonment. Ritchison appeals.

## I. Background

In 2013, Ritchison was charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The indictment also alleged Ritchison had two prior felony convictions for burglary and one for robbery. The parties entered into a written plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)[2] in which Ritchison agreed to plead guilty to the one-count indictment and the government agreed not to prosecute Ritchison in the District of Nebraska for any other firearms offenses. Relevant to this appeal, the parties also agreed that if the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1),[3] applied, Ritchison "shall receive a sentence of 15 years," but if the ACCA did not apply, "the defendant shall receive a sentence of 10 years."

The court deferred acceptance of the plea agreement pending review of the Presentence Investigation Report (PSR). In the completed PSR, the probation officer concluded that Ritchison had at least two burglaries and one robbery, each of which qualified as a "violent felony" under the ACCA. As a result, Ritchison faced a statutory mandatory minimum sentence of 15 years, and his Guidelines range was 180

---

[2]Rule 11(c) of the Federal Rules of Criminal Procedure sets forth the procedure for plea agreements between the government and a defendant. A Rule 11(c)(1)(C) plea agreement is one in which the attorney for the government "agree[s] that a specific sentence or sentencing range is the appropriate disposition of the case. . . ." Fed. R. Crim. P. 11(c)(1)(C).

[3]Pursuant to 18 U.S.C. § 924(e)(1), "a person who violates section 922(g) . . . and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . ."

to 210 months.[4]  Neither party objected.  At the March 17, 2014, sentencing hearing, the court adopted the PSR, accepted the parties' Rule 11(c)(1)(C) plea agreement, and sentenced Ritchison to a 15-year term of imprisonment.

In June 2016, Ritchison moved to vacate his sentence pursuant to 28 U.S.C. § 2255.  The government conceded that, after Johnson, Ritchison's two prior burglary convictions no longer qualified as ACCA predicate offenses and agreed that Ritchison should be resentenced.  The court vacated Ritchison's sentence and set the matter for a resentencing hearing.  The probation office prepared a Resentencing Report (RSR).  Ritchison's offense level was reduced to 19, but his criminal history category remained VI, resulting in a Guidelines range of 63 to 78 months.  In a footnote to the RSR, the probation officer noted that under the terms of the original Rule 11(c)(1)(C) plea agreement, the parties had agreed to a term of imprisonment of 10 years if the ACCA did not apply.  Neither party objected to the RSR.

At the January 5, 2017, resentencing hearing, the district court adopted the RSR, including the revised sentencing guideline calculations.  The court asked the parties if there was any reason Ritchison should not be sentenced to the 10-year term of imprisonment to which they had stipulated in the Rule 11(c)(1)(C) agreement.  Ritchison argued the plea agreement was now null and void because it was based on a mutual mistake of the parties.  Citing his postsentencing rehabilitation efforts, he requested a sentence within the revised advisory Guidelines range.  The government argued that the court was bound by the terms of the parties' Rule 11(c)(1)(C) plea

---

[4]In the PSR, Ritchison's offense level was level 30 and his criminal history category was category VI, making his Guidelines range 168 to 210 months.  Because the statutory mandatory minimum sentence of 15 years was greater than the minimum of the Guidelines range, however, the range became 180 to 210 months.  See USSG § 5G1.1(c)(2) (allowing a sentence to "be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence.").

agreement. While recognizing Ritchison's postsentencing rehabilitation, the district court nonetheless concluded there was "no good reason not to accept [the parties'] stipulated sentence" and resentenced Ritchison to a term of imprisonment of 10 years.

## II. Discussion

When a court grants a federal prisoner relief under § 2255, the statute provides that "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). On appeal, Ritchison argues that the district court erred in resentencing him by concluding it was bound by the parties' Rule 11(c)(1)(C) agreement, or in the alternative, that enforcing the plea agreement violated established contract principles. "We review the court's legal conclusion[s] de novo." United States v. Scurlark, 560 F.3d 839, 841 (8th Cir. 2009). Likewise, "[w]e review de novo issues pertaining to the interpretation and enforcement of a plea agreement." United States v. Thompson, 403 F.3d 1037, 1039 (8th Cir. 2005).

Ritchison concedes that we have not previously considered "the viability of an 11(c)(1)(C) plea agreement after a sentence [has been] vacated under § 2255." Ritchison contends, however, that under our case law, "[§] 2255 affords the court broad and flexible power in correcting invalid convictions or sentences." Gardiner v. United States, 114 F.3d 734, 736 (8th Cir. 1997); see also United States v. Harrison, 113 F.3d 135, 137 (8th Cir. 1997) ("The statute gives district courts broad and flexible remedial authority to resentence a defendant and to correct the sentence as appropriate."). He points out that in prior cases, we have held that revisiting the entire sentence was an acceptable option under § 2255. Gardiner, 114 F.3d at 736; Harrison, 113 F.3d at 137. Ritchison urges us to "reopen[] all options for the district court on resentencing," even when the parties have entered into a Rule 11(c)(1)(C) plea agreement.

-4-

But Ritchison relies on cases where the district court was faced with resentencing a defendant who had been sentenced based on multiple convictions that were interdependent. Gardiner, 114 F.3d at 736 ("[T]he only reason resentencing is even at issue . . . is because the § 924(c) sentences were intertwined with the drug trafficking sentences in the original proceedings."); Harrison, 113 F.3d at 137–38 (§ 924(c) conviction and drug conviction were interdependent for purposes of sentencing, and thus "the terms of imprisonment imposed on the gun and drug convictions constitute a 'sentence' within the meaning of § 2255"). When the sentence was a package, based on multiple counts, we determined that vacating one conviction without resentencing on the others "would be inconsistent with both the Guidelines and with § 2255, which directs the courts to 'correct the sentence as may appear appropriate.'" Gardiner, 114 F.3d at 736.

In contrast, the parties here entered a binding plea agreement on one count of conviction. Ritchison is correct that there is nothing in § 2255 that requires a court to enforce a Rule 11(c)(1)(C) plea agreement upon resentencing, but that does not mean the nature of the parties' original agreement is irrelevant. "A plea agreement under Rule 11(c)(1)(C), like all plea agreements, is binding on both the government and the defendant, but Rule 11(c)(1)(C) plea agreements are unique in that they are also binding on the court *after* the court accepts the agreement." United States v. Kling, 516 F.3d 702, 704 (8th Cir. 2008). A district court is not required to accept this type of agreement but once the court does accept the agreement, "there is no provision in the rules that allows it to reject or modify the agreement," absent fraud on the court. United States v. Olesen, 920 F.2d 538, 540–41 (8th Cir. 1990).[5] The parties agree that the district court accepted the agreement, which included the alternative sentences stipulated to by the parties; no one alleges fraud. Under these circumstances, an appropriate correction to the sentence was to enforce the parties' binding agreement,

---

[5]The plea agreement discussed in Olesen cited Rule 11(e)(1)(C), the predecessor to Rule 11(c)(1)(C); both rules contain similar language. See Scurlark, 560 F.3d at 841 n.3.

which specifically contemplated the possibility that Ritchison's criminal history might not trigger the enhanced penalties of the ACCA. The district court did not err in imposing the agreed-upon sentence.

In the alternative, Ritchison argues the plea agreement was negotiated based on a mutual mistake regarding the validity of the ACCA's residual clause. According to Ritchison, this made the plea agreement voidable, and the district court erred by enforcing a voidable contract. The government counters that there was no mistake—both parties recognized uncertainty as to whether 18 U.S.C. § 924(e)(1) would apply and provided for that eventuality in the plea agreement.

"Where a plea agreement has been accepted by the court, we generally interpret the meaning of the terms in the agreement according to basic principles of contract law." United States v. Swisshelm, 848 F.3d 1157, 1159 (8th Cir. 2017) (quoting United States v. Mosley, 505 F.3d 804, 808 (8th Cir. 2007)). This is because "[p]lea agreements are *like* contracts," and so "contract principles provide a *useful means by which to analyze* the[ir] enforceability." Olesen, 920 F.2d at 541–42. We also recognize, however, that plea agreements "are not contracts, and therefore contract doctrines do not always apply to them." Id. at 541. One contract principle we have declined to extend to the plea agreement context is the doctrine of mutual mistake. Id. at 542 (not allowing court to revisit accepted plea agreement due to a mutual mistake and recognizing that "[e]ven though the contract law analogy may seem to invite such revisitations, they are simply not allowed"); see also United States v. Taylor, 258 F.3d 815, 817 n.1 (8th Cir. 2001) (noting, in a § 2255 appeal, that "we have held that the doctrine of mutual mistake is not applicable in the context of plea agreements," citing Olesen, 920 F.2d at 542). Even if the parties' binding agreement was based in part on a mutual mistake—an issue on which we take no position—the district court did not err in enforcing it. See Olesen, 920 F.2d at 541–42.

Finally, Ritchison argues that imposing the stipulated 10-year sentence, rather than a sentence within the advisory Guidelines range, resulted in a sentence "greater than necessary" to fulfill federal sentencing goals. See 18 U.S.C. § 3553(a). "When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply a deferential abuse-of-discretion standard." United States v. Godfrey, 863 F.3d 1088, 1094 (8th Cir. 2017) (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)).

Ritchison complains that because the district court thought it was bound by the stipulated sentence in the plea agreement, it failed to adequately consider his postsentencing rehabilitation at his resentencing. But as we have explained, the district court did not err when imposing the agreed-upon sentence. In any event, the district court did commend Ritchison for taking advantage of prison programs and "staying out of trouble" while in custody. However, the court further explained:

> Mr. Ritchison does have a very lengthy, very serious criminal history. As we all know, there are only six categories of criminal history set out in the sentencing guidelines. So someone who falls into criminal history category VI can keep accumulating points through crime after crime after crime and still simply be in category VI. It just doesn't go any higher than that. And Mr. Ritchison has a criminal history that involves points and crimes that go well beyond the minimum amount needed to fall into criminal history category VI. The fact that the Johnson decision came down and certain crimes are no longer considered crimes of violence for purposes of placing someone in the Armed Career Criminal Act category doesn't mean that those crimes didn't happen or that they weren't serious crimes. They are simply not categorized in the same way for purposes of applying the Armed Career Criminal Act enhancement.

District courts enjoy "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Meadows, 866 F.3d 913, 920 (8th Cir. 2017) (quoting United States v. Callaway, 762 F.3d 754, 760 (8th Cir. 2014)). We see no abuse of

-7-

discretion in how the district court, in light of the stipulated sentence, took into consideration the sentencing factors in this case.

### III.  Conclusion

We affirm the judgment of the district court.

_____