# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2241
_____

United States of America

*Plaintiff - Appellee*

v.

Joshua Noel Paul

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen
_____

Submitted: May 11, 2020
Filed: July 31, 2020
[Unpublished]
_____

Before SMITH, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Joshua Paul pleaded guilty to conspiring to distribute a controlled substance, 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and possessing a firearm during a

drug trafficking crime, 18 U.S.C. §§ 924(c)(1)(A) and 924(d). The district court[1] sentenced him to 151 months' imprisonment on the conspiracy conviction and a mandatory consecutive 60 months' imprisonment on the firearm conviction. He challenges his sentence as substantively unreasonable. We affirm.

Paul brought three pounds of methamphetamine from California to South Dakota and distributed it through a conspiracy in which he held a leadership role. When arrested, he was in a car with six pounds of methamphetamine and a 9mm pistol. In his plea agreement, the government agreed to make a non-binding recommendation to the court for a mandatory minimum 120-month sentence on the conspiracy count. This agreement was based on a stipulated base offense level of 32 and a 2-level enhancement for the use of a firearm. The Presentence Investigation Report ("PSR") subsequently recommended an additional 4-level enhancement for a leadership role in the conspiracy. Paul raised several objections to the PSR that caused the district court to express doubt as to the applicability of a reduction for acceptance of responsibility. The district court also suggested it might be appropriate to reject the plea agreement or apply an enhancement for obstruction of justice.

Ultimately, the district court delayed sentencing, and Paul withdrew most of his objections. At sentencing, the district court applied an agreed-to 2-level leadership enhancement as well as a reduction for acceptance of responsibility, resulting in an advisory Guidelines range of 151–181 months on the conspiracy conviction and a mandatory consecutive 60 months for the firearm offense. The court imposed a bottom-of-the-range sentence.

On appeal, Paul neither alleges procedural error with his sentence nor challenges any Guidelines determinations. Rather, he argues his ultimate sentence

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

was substantively unreasonable. In particular, he argues his sentence is greater than necessary to accomplish the goals of federal sentencing in light of: (1) his "long, steady work history," (2) his "return[] to work even after periods of incarceration," (3) his lack of other drug convictions, (4) the passing of his stepfather shortly before he began selling drugs in South Dakota, and (5) his desire to support his widowed mother.

We review the substantive reasonableness of a sentence pursuant to an abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 41 (2007). On appeal, we apply a rebuttable presumption of reasonableness to sentences within the advisory Guidelines range. See United States v. Bordman, 895 F.3d 1048, 1055 (8th Cir. 2018) (noting that the defendant "bears the burden of rebutting the presumption and showing that his sentence should have been lower"). Paul presents nothing sufficient to overcome the presumption in this case. Rather, he argues the district court should have weighed the 18 U.S.C. § 3553(a) factors differently in determining what sentence would satisfy the federal sentencing goals. Because district courts possess "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence," United States v. Ritchison, 887 F.3d 365, 370 (8th Cir. 2018) (citation omitted), we find no abuse of discretion.

We affirm the judgment of the district court.

_____