NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0271n.06

No. 20-3005

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jun 03, 2021 |
|  | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
|  | ) | THE SOUTHERN DISTRICT OF |
| BRIAN WILCOX, | ) | OHIO |
| Defendant-Appellant. | ) | |
|  | ) | |

BEFORE: GIBBONS, KETHLEDGE, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge. The First Step Act of 2018 allows defendants who have been sentenced for certain crack-cocaine offenses to request reduced sentences based on the statutory changes in an earlier law. Brian Wilcox seeks relief under this Act. In addition to requesting a reduced sentence, Wilcox asks us to void his plea agreement (which would effectively nullify his convictions too). Yet the district court did not abuse its discretion in refusing to reduce Wilcox's sentence. And the First Step Act does not permit courts to void plea agreements. We thus affirm.

Along with several coconspirators, Wilcox participated in an extensive criminal operation involving the illegal distribution of drugs and guns out of a neighborhood in Cincinnati, Ohio. This scheme produced a 43-count indictment against Wilcox and five others. In August 2010, Wilcox agreed to plead guilty to two counts: conspiring to possess with intent to distribute five grams or more of crack cocaine (in violation of 21 U.S.C. §§ 841, 846) and selling firearms without a license (in violation of 18 U.S.C. § 922(a)(1)).

Wilcox's plea agreement conditioned his guilty plea on the district court's acceptance of the parties' recommended 180-month sentence. *See* Fed. R. Crim. P. 11(c)(1)(C). That agreed-upon sentence fell well below the district court's calculated guidelines range of 262 to 327 months. The court nevertheless accepted the agreement and sentenced Wilcox to 180 months' imprisonment.

Two recent laws matter for this appeal. The first is the Fair Sentencing Act of 2010. Wilcox's plea agreement noted that he faced a statutory sentencing range of 5 to 40 years for his offense of conspiring to possess with intent to distribute five grams or more of crack cocaine. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2006). Yet Wilcox's sentencing occurred after the enactment of the Fair Sentencing Act. The Act increased the amount of crack cocaine necessary to trigger the sentencing range identified in Wilcox's plea agreement from 5 grams to 28 grams. Fair Sentencing Act of 2010, § 2(a)(2), Pub. L. No. 111-220, 124 Stat. 2372, 2372. The Supreme Court also later held that the Act applies to defendants who committed their crimes before the Act but who were sentenced after it. *Dorsey v. United States*, 567 U.S. 260, 264 (2012). Given *Dorsey*, Wilcox's plea agreement should have listed the statutory sentencing range for his drug offense as 0 to 20 years, not 5 to 40. *See* 21 U.S.C. § 841(b)(1)(C). But Wilcox did not raise this issue in a direct appeal or in a petition for relief under 28 U.S.C. § 2255.

The second is the First Step Act of 2018. This Act gives district courts discretion to grant a defendant a "reduced sentence" that retroactively incorporates the Fair Sentencing Act's changes. First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. To qualify for relief, a defendant must have been sentenced for a "covered offense"—a defined phrase that requires the defendant to have committed the offense before August 3, 2010, the date of the Fair Sentencing Act's passage. First Step Act, § 404(a), 132 Stat. at 5222.

Wilcox sought First Step Act relief. Even though he was eligible to rely on the Fair Sentencing Act's changes at his original sentencing, the district court found him eligible to invoke the First Step Act because he had committed his crimes before August 3, 2010. (The government does not dispute this point, so we may assume on appeal that Wilcox is eligible for First Step Act relief.)

The district court nevertheless denied Wilcox's two requested types of relief. As his first request, Wilcox sought a reduced sentence. The court denied this relief as a discretionary matter. It reasoned that Wilcox's 180-month sentence fell well below the statutory maximum sentence (240 months) under the Fair Sentencing Act. The court added that Wilcox's guidelines range remained 262 to 327 months even after the Act. It also concluded that Wilcox's extensive criminal history and serious crimes justified his sentence. As his second request, Wilcox sought to revoke his plea agreement because it rested on a "mutual mistake" about whether the Fair Sentencing Act applied to him. The court questioned whether the First Step Act permitted this relief but found it improper regardless because the mistake was not material to the parties' agreement. Wilcox now appeals the court's rejection of both remedies.

*Request for a Reduced Sentence*. The First Step Act states that a district court "may" grant a defendant a reduced sentence based on the Fair Sentencing Act; it does not say that a court "must" do so. First Step Act, § 404(b), 132 Stat. at 5222. The Act thus gives district courts discretion to decide whether a defendant's unique circumstances warrant a reduced sentence. *See United States v. Maxwell*, 991 F.3d 685, 689 (6th Cir. 2021); *United States v. Boulding*, 960 F.3d 774, 784 (6th Cir. 2020). When a district court declines to reduce a sentence, we assess whether it abused its discretion using standards of review like those that apply on direct appeal. That is, we review the

3

decision for procedural and substantive reasonableness. *See United States v. Williams*, 972 F.3d 815, 816 (6th Cir. 2020) (order); *United States v. Foreman*, 958 F.3d 506, 514–15 (6th Cir. 2020).

Wilcox argues that the district court unreasonably denied a sentence reduction because it did not engage in a sufficiently "thorough" analysis of the sentencing factors in 18 U.S.C. § 3553(a). *See Boulding*, 960 F.3d at 784. Yet the court's 12-page opinion thoroughly aired its reasoning. Most notably, Wilcox's 180-month sentence represented a large downward variance even after the Fair Sentencing Act. The Act reduced Wilcox's statutory sentencing range for his drug offense from 5 to 40 years to 0 to 20 years. Wilcox's 180-month sentence fell well below the new 240-month statutory maximum. (His separate firearms offense also had a separate 60-month statutory maximum. *See* 18 U.S.C. § 924(a)(1)(D).) In addition, the Act did not alter Wilcox's guidelines range of 262 to 327 months because the court calculated this range using the unamended guideline for his firearms offense (§ 2K2.1), not the amended guideline for his drug offense (§ 2D1.1). *See* 18 U.S.C. § 3553(a)(4)(A); *Maxwell*, 991 F.3d at 689–91. (Technically, the guidelines treat a statutory maximum as the guidelines sentence when the recommended guidelines range exceeds that maximum, but Wilcox does not argue that this rule affects things. *See* U.S.S.G. §§ 5G1.1–.2.)

The court next explained why Wilcox's circumstances did not justify an even *larger* downward variance. Wilcox had an "extensive criminal record beginning at age 13," a record that planted him firmly within the highest criminal-history category. Op., R.254, PageID#1442–43; *see* 18 U.S.C. § 3553(a)(1). His offenses also included "systematic crack cocaine distribution and firearm sales." Op., R.254, PageID#1443; *see* 18 U.S.C. § 3553(a)(1). The court found Wilcox accountable for 105.76 grams of crack cocaine, not just the 5 grams listed in his indictment. He

had also already benefited significantly from the plea agreement because the government dismissed 27 other counts against him. *Cf. Hughes v. United States*, 138 S. Ct. 1765, 1777 (2018).

Wilcox's two counterarguments fall short. *First*, he argues that, when balancing the § 3553(a) factors, the court did not sufficiently address his rehabilitation efforts. True, courts may consider post-sentencing rehabilitation. *See United States v. Allen*, 956 F.3d 355, 356–58 (6th Cir. 2020). But the court's opinion allows us to deduce and "meaningfully" review the reasons that it rejected Wilcox's rehabilitation argument. *See United States v. Barber*, 966 F.3d 435, 438 (6th Cir. 2020). The court held that any rehabilitation efforts could not justify a lower sentence under the § 3553(a) factors because his sentence already fell well below his guidelines sentence and because he committed serious offenses and had an extensive criminal history. These reasons are perfectly sensible. *Cf. id.* at 439. And our ability to identify and evaluate the district court's reasons for rejecting Wilcox's rehabilitation argument distinguishes his case from those in which the record left the district court's reasons a mystery. *See Williams*, 972 F.3d at 817.

*Second*, Wilcox argues that the district court wrongly found that the Fair Sentencing Act did not affect his guidelines range. If the court had calculated his guidelines range using the amended drug guideline (§ 2D1.1) rather than the unamended firearms guideline (§ 2K2.1), Wilcox points out that this range would have been only 120 to 150 months. But Wilcox pleaded guilty to both drug and firearms crimes. His two counts were part of the same "Group" under the guidelines, and "the offense level applicable to a Group is the offense level" for the count with "the highest offense level" in the group. U.S.S.G. § 3D1.3(a); *see also* U.S.S.G. § 1B1.1, cmt. n.5. Even today, therefore, the guidelines required the district court to calculate his range using the guideline that generates the higher sentence—which, in Wilcox's case, is the firearms guideline.

Wilcox finds this approach unfair because his firearms offense has a statutory maximum of just 60 months, so he argues that the court should have departed from the guidelines' method for calculating sentences. To the contrary, the court had a duty to start with the guidelines range adjusted only for the Fair Sentencing Act. *See Maxwell*, 991 F.3d at 689–91. Even if it had discretion later to vary from that range, the court did not abuse its discretion by refusing to ignore the fact that Wilcox committed both drug and firearms offenses, not just a drug offense. Indeed, Wilcox's presentence report indicated that he coordinated the illegal sale of 18 guns.

*Request to Void the Plea Agreement*. Wilcox alternatively seeks a unique form of relief under the First Step Act. He argues that his plea agreement "must be voided" because it is based on a "mutual mistake of law." As noted, Wilcox's plea agreement identified the statutory sentencing range for his drug offense as 5 to 40 years based on the (implicit) assumption that the Fair Sentencing Act did not apply to him. The Supreme Court later clarified, however, that the Act did apply. *See Dorsey*, 567 U.S. at 264. So Wilcox's range for this drug offense actually was 0 to 20 years. Wilcox believes that the faulty premise underlying his plea agreement renders it a voidable contract.

We need not consider the merits of his claim. Even assuming its validity, the First Step Act does not provide a proper way to raise it. The Act gives courts discretion to "impose a reduced sentence" under certain conditions. First Step Act, § 404(b), 132 Stat. at 5222. This text allows a court to reduce an eligible defendant's sentence. It does not allow the court also to vacate a plea agreement and the defendant's convictions. Wilcox instead should have raised any mutual-mistake claim at sentencing, on direct appeal, or (perhaps) in a motion under 28 U.S.C. § 2255. *See United States v. Hogg*, 723 F.3d 730, 744–52 (6th Cir. 2013); *cf. United States v. Ritchison*, 887 F.3d 365, 368–69 (8th Cir. 2018); *United States v. Frownfelter*, 626 F.3d 549, 555–57 (10th Cir. 2010).

Precedent confirms the point. We have repeatedly recognized that the Act grants district courts "limited, discretionary authorization to impose a reduced sentence"; it does not require them to hold a plenary resentencing. *United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019) (order); *see Maxwell*, 991 F.3d at 689–91; *Foreman*, 958 F.3d at 510–12. Other courts have made similar points. *See, e.g.*, *United States v. Moore*, 975 F.3d 84, 92 (2d Cir. 2020); *United States v. Williams*, 943 F.3d 841, 843–44 (8th Cir. 2019). Yet Wilcox would read the statute as permitting defendants to seek not just plenary resentencings but also plenary trials and direct appeals too.

Wilcox's only authority for his proposed remedy does not advance his cause. He cites cases suggesting that defendants who enter into plea agreements with proposed sentences under Federal Rule of Criminal Procedure 11(c)(1)(C) may sometimes be eligible to seek *reduced sentences* based on guidelines changes under 18 U.S.C. § 3582(c)(2). *See Hughes*, 138 S. Ct. at 1776; *Freeman v. United States*, 564 U.S. 522, 525–26 (2011) (plurality opinion). This precedent does not help Wilcox. The parties agree that he was eligible for a sentence reduction under the First Step Act despite his plea agreement's proposed sentence under Rule 11(c)(1)(C). (So, again, we need not consider that question.) None of these decisions goes further by indicating that the defendant may also seek to invalidate the plea agreement.

We affirm.