48 F.3d 1225
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Donald A. HELLBUSCH, Appellant.
 No. 94-2356.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 6, 1995.
Filed: Mar. 9, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Donald Hellbusch appeals his conviction following the district court's[1] denial of his motion to suppress and his subsequent guilty plea to drug and weapons charges. We affirm.
 
 
 2
 Pursuant to a search warrant issued by a Sarpy County (Nebraska) District Court Judge, officers from the Omaha Police Department and the Sarpy County Sheriff's Department searched Hellbusch's Omaha residence. The search uncovered controlled substances and two loaded firearms. A Sarpy County Sheriff's Investigator later contacted a special agent at the Bureau of Alcohol, Tobacco, and Firearms, and suggested the case might be appropriate for federal prosecution. Subsequently, a federal indictment was returned.
 
 
 3
 Hellbusch moved to suppress the evidence seized from his home; the district court denied the motion. Hellbusch pleaded guilty pursuant to Fed. R. Crim. P. 11(a)(2), preserving his right to appeal the denial of his motion to suppress. In this appeal, we must accept the district court's factual findings relating to the search unless, on the record as a whole, the district court clearly erred, and we may reverse if the district court's ruling "reflects an erroneous view of the applicable law." See United States v. Maholy, 1 F.3d 718, 720 (8th Cir. 1993).
 
 
 4
 Hellbusch first argues that the search warrant was not supported by probable cause because the supporting affidavit asserted "Hellbusch has two previous cocaine possession charges and an arrest charge for second degree murder and use of a weapon to commit a felony," but failed to note he had been acquitted of these charges. The affidavit also alleged that a confidential informant had purchased what was represented as methamphetamine at Hellbusch's home; that the investigator, acting undercover, had purchased methamphetamine from Hellbusch at his home; and that during the latter transaction, the investigator watched Hellbusch remove a plastic baggy containing the drugs from a can, remove and weigh a small portion which he sold to the investigator, return the bag to the can, and place it on the floor in the living room. Giving "considerable deference" to the state court judge, we conclude the district court did not clearly err in finding that probable cause existed to justify the issuance of the warrant. See United States v. Bieri, 21 F.3d 811, 815 (8th Cir.) (standard of review), cert. denied, 115 S. Ct. 208 (1994). Even if the investigator had noted Hellbusch's acquittal in his affidavit, a prudent person would still have been justified in believing that contraband would be found in Hellbusch's home, based on the other allegations set forth in the affidavit. See id. (probable cause
 
 
 5
 standard); United States v. Sherrell, 979 F.2d 1315, 1318 (8th Cir. 1992) (omission will vitiate affidavit where police omitted information intentionally or with reckless disregard and affidavit, when supplemented by omitted material, would not establish probable cause).
 
 
 6
 Hellbusch also contends that the affidavit allegations neither requested nor supported probable cause sufficient to justify a no- knock entry. The state court judge granted the no-knock authority based on judicial notice that drugs are easily destroyed and also relied on Hellbusch's "violent past criminal history," albeit without knowledge that Hellbusch had been acquitted of the referenced charges. Given this court's recognition that firearms are tools of the drug trade, Lyons v. Robinson, 783 F.2d 737, 739 (8th Cir. 1985) (per curiam), we conclude that the presence of drugs in Hellbusch's home and the past charges against him-even though he was not convicted of those charges-were sufficient to support issuance of the no-knock warrant. Cf. Illinois v. Gates, 462 U.S. 213, 230-32 (1983) (Fourth Amendment reasonableness inquiry turns on facts of case).
 
 
 7
 Hellbusch's argument that the no-knock entry violated 18 U.S.C. Sec. 3109 is without merit because that provision does not apply to the execution of a state-issued search warrant by state officers. See United States v. Johnson, 28 F.3d 1487, 1494-95 (8th Cir. 1994), cert denied, 115 S. Ct. 768 (1995), and, petition for cert. filed, No. 94-7741 (U.S. Jan. 17, 1995). His claim that the Sarpy County officers lacked the authority to execute the warrant in Douglas County also fails because he has not alleged any violation of federal law. See United States v. Johnson, 12 F.3d 827, 834-35 (8th Cir.), cert. denied, 114 S. Ct. 1860 (1994); cf. United States v. Freeman, 897 F.2d 346, 348-50 (8th Cir. 1990) (exclusionary rule generally not applied to violation of procedural requirements governing execution of search warrant which do not implicate constitutional values of probable cause or particularity of description, absent showing of prejudice or reckless disregard). As we conclude that the evidence was seized in compliance with the Fourth Amendment, we need not decide if the warrant violated Nebraska law. See Bieri, 21 F.3d at 816; Maholy, 1 F.3d at 721; see also United States v. Baker, 16 F.3d 854, 856 (8th Cir. 1994) (where state police act without federal involvement, suppression issue raised in subsequent federal prosecution is governed only by Fourth Amendment).
 
 
 8
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska, adopting the report and recommendation of the Honorable Kathleen Ann Jaudzemis, United States Magistrate Judge for the District of Nebraska