_____

No. 94-2263
_____

United States of America,      *
                               *
    Plaintiff-Appellee,       *
                               *  Appeal from the United States
    v.                        *  District Court for the
                               *  District of Nebraska
Fred A. Friend,                *
                               *
    Defendant-Appellant.      *

_____

Re-Submitted:  September 11, 1996

Filed:  November 29, 1996
_____

Before MAGILL, JOHN R. GIBSON, and LOKEN, Circuit Judges.
_____

LOKEN, Circuit Judge.

Fred A. Friend was convicted of methamphetamine distribution and conspiracy offenses and of violating 18 U.S.C. § 924(c) by using and carrying a firearm equipped with a silencer during and in relation to that drug trafficking conspiracy.  We affirmed the drug trafficking convictions, reversed the conviction and thirty-year sentence for using a firearm with a silencer, and remanded to the district court for entry of an amended judgment convicting Friend of the lesser included § 924(c) offense of using and carrying a firearm without a silencer.  United States v. Friend, 50 F.3d 548 (8th Cir. 1995).  The Supreme Court then decided Bailey v. United States, 116 S. Ct. 501 (1995), which significantly narrowed the definition of "use" under § 924(c).  That Court granted Friend's petition for a writ of certiorari, vacated our judgment, and remanded for further consideration in light of Bailey.  Friend v. United States, 116 S. Ct. 1538 (1996).  We invited the parties to submit supplemental briefs, heard additional argument, and now reverse the § 924(c) conviction.

The initial issue on remand is whether Friend waived _Bailey_ issues at trial and in his initial appeal. The Government argues that he did, relying on United States v. McKinney, 79 F.3d 105 (8th Cir. 1996). In McKinney, a direct appeal submitted but not decided when _Bailey_ was published, we held that the issue was waived because defendant "did not argue in his initial appeal brief that his conviction for using firearms was in any way infirm." 79 F.3d at 109. Here, by contrast, Friend moved for acquittal at the close of the government's case in the district court and argued on appeal that the evidence was insufficient to sustain the § 924(c) conviction. Therefore, _Bailey_ issues have been preserved. See United States v. Willis, 89 F.3d 1371, 1378 n.3 (8th Cir. 1996); United States v. Webster, 84 F.3d 1056, 1065 n.6 (8th Cir. 1996).

Turning to the merits, police found the handgun and silencer hidden with a large quantity of drugs and cash in a secret safe at the home of Gary Apker, the lead conspirator. In its initial appeal brief, the government argued, "The location of the gun and silencer with the stash of illegal drugs and money was sufficient evidence from which a jury could infer that the gun and silencer were intended for protection and use in case of an emergency." Applying familiar conspiracy principles, we reversed the § 924(c) conviction because Apker's use of a silencer was not reasonably foreseeable to conspirator Friend. But we also concluded that the government's § 924(c) storage theory was consistent with pre-_Bailey_ Eighth Circuit cases, the evidence was clear that Apker stored the firearm with his stash of money and drugs, and this use of a firearm -- minus the silencer -- was reasonably foreseeable to Friend. Therefore, we directed entry of an amended judgment convicting Friend of a lesser-included § 924(c) offense. See 50 F.3d at 552-54.

The Supreme Court rejected the government's storage theory in _Bailey_. The Court held that a defendant cannot be convicted for use of a firearm under § 924(c)(1) "merely for storing a weapon

near drugs or drug proceeds. . . . If the gun is not disclosed or mentioned by the offender, it is not actively employed, and it is not 'used.'"  116 S. Ct. at 508.  The Court remanded so that we could reconsider our lesser-included offense decision under Bailey.

On remand, Friend argues that the trial evidence was insufficient to convict him of any § 924(c) violation.  He asserts, and the government does not dispute, that the trial record contains *no* evidence that any conspirator ever actively employed this firearm, indeed, no evidence that *any* firearm was ever actively used or carried during and in relation to this conspiracy.  Thus, although Bailey was not a conspiracy case, and proper application of its "actively employed" standard to drug conspiracies may not  always be easy, here the government only proved that this conspiracy stored a weapon with its hoard of drugs and cash.  Under Bailey, that is plainly insufficient "use."

We further note that Bailey concerned only the "use" prong of § 924(c) and that Friend was convicted of "using and carrying a firearm" during and in relation to the drug conspiracy.  However, the government does not suggest how the trial evidence could support a conviction under either prong of § 924(c) after Bailey, and in particular does not urge us to remand for further examination of the "carry" issue.  In these circumstances, we conclude that the evidence was legally insufficient to sustain the conviction of a lesser included § 924(c) offense.  See United States v. Thomas, 93 F.3d 479, 488 (8th Cir. 1996).

A defendant who is acquitted of a § 924(c) violation may nonetheless be subject to a two-level upward sentencing enhancement under U.S.S.G. § 2D1.1(b)(1).  See Bailey, 116 S. Ct. at 509.  To avoid double counting, the Guidelines preclude application of this enhancement if the defendant is convicted of violating § 924(c).  See U.S.S.G. § 2K2.4, comment. (backg'd).  Therefore, when a § 924(c) conviction is reversed on appeal, the district court

should be given the opportunity on remand to consider whether to impose a § 2D1.1(b)(1) enhancement.  See United States v. Rehkop, 96 F.3d 301, 306 (8th Cir. 1996); Thomas, 93 F.3d at 488.

Accordingly, the judgment of the district court convicting Fred A. Friend of Count IX of the indictment is reversed.  The sentence imposed on Counts I through VIII is vacated, and the case is remanded for resentencing on those Counts.  In all other respects, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.