# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-2893

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska |
| Donald A. Hellbusch, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 25, 1998

Filed: June 30, 1998

_____

Before McMILLIAN, HENLEY[1] and BEAM, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Donald A. Hellbusch appeals a final order entered in the District Court for the District of Nebraska denying his 28 U.S.C. § 2255 motion to vacate his sentence and withdraw his guilty plea.  United States v. Hellbusch, No. 8:CR93-56 (D. Neb.

_____

[1]The Honorable J. Smith Henley died on October 18, 1997.  Judge McMillian and Judge Beam, as the remaining two judges on the panel that heard oral argument, have determined the appeal pursuant to 8th Cir. R. 47E.

May 28, 1996).  For reversal, appellant argues the district court erred in denying his § 2255 motion based on Bailey v. United States, 516 U.S. 137 (1995) (Bailey).  We held the appeal in abeyance pending the Supreme Court's decision in Bousley v. United States, 118 S. Ct. 1604 (1998) (filed May 18, 1998).  For the reasons discussed below, we reverse and remand the case to the district court for further proceedings consistent with this opinion.

The underlying facts are not disputed.  In February 1993 appellant sold methamphetamine to a confidential informant and an undercover officer.  The undercover officer later obtained a search warrant for appellant's residence.  The confidential informant and the undercover officer went to appellant's residence and bought more methamphetamine from appellant.  Upon a signal from the undercover officer, other law enforcement officers entered the residence and executed the search warrant.  The officers seized methamphetamine and marijuana, $900 in currency, drug paraphernalia, and four handguns, two of which were loaded.  The two loaded handguns and the $900 were found in a bedroom.  Appellant was arrested in the living room.

In May 1993 a federal grand jury indicted appellant on four counts--distribution of methamphetamine (count I) and distribution and possession of methamphetamine with intent to distribute (count II), in violation of 21 U.S.C. § 841(a)(1), using and carrying a firearm during and in relation to a drug trafficking offense (count III), in violation of 18 U.S.C. § 924(c), and unlawful firearms possession (count IV), in violation of 18 U.S.C. § 922(g).  The district court denied appellant's motion to suppress.  Pursuant to a negotiated plea agreement, appellant entered a conditional guilty plea to counts II and III, and the government agreed to dismiss with prejudice counts I and IV and to recommend a sentence at the low end of the applicable sentencing guideline range.  The government's evidence would have shown that the officer found the two loaded handguns in the same room as the $900.  Appellant reserved the right to appeal the district court order denying his motion to suppress.

At the plea hearing the district court noted that appellant had reserved the right to appeal from the denial of the motion to suppress. Defense counsel added, and the district court acknowledged, that appellant also reserved the right to appeal sentencing issues as well. Transcript of plea hearing at 3. The district court informed appellant that he would be allowed to withdraw his guilty plea only if the district court rejected the plea agreement, if he could show some "just and fair" reason, or if a higher court reversed the denial of the motion to suppress. Id. at 31-32. The district court accepted the guilty plea and sentenced appellant to a total of 66 months imprisonment (6 months for the drug trafficking count, plus a mandatory consecutive term of 60 months for the § 924(c) count), 3 years supervised release, and a special assessment of $100. Appellant filed a direct appeal, raising suppression issues but not challenging the validity of his plea. This court affirmed the conviction and sentence. United States v. Hellbusch, 48 F.3d 1225 (8th Cir. 1995) (per curiam) (table) (opinion filed Mar. 9, 1995).

On December 5, 1995, the Supreme Court decided Bailey and rejected the "mere presence, availability or proximity" standard previously applied by this court and other circuit courts of appeals. The Court held that "use" of a firearm under 18 U.S.C. § 924(c) requires a showing of "active employment," 516 U.S. at 144, for example, "brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire a firearm . . . [, as well as making] a reference to a firearm calculated to bring about a change in the circumstances of the predicate offense," id. at 148, and not merely "storing a weapon near drugs or drug proceeds" or "conceal[ing] a gun nearby to be at the ready for an imminent confrontation." Id. at 149.

In February 1996 appellant filed this § 2255 motion to vacate his sentence and withdraw his guilty plea, arguing that his sentence on the firearms count is unlawful under Bailey. He argued that, in light of Bailey, his plea was not intelligent because he had been misinformed as to the elements of a § 924(c) offense, there was no factual basis for his guilty plea, and he is factually innocent of the § 924(c) offense because the

two handguns were merely stored near drug proceeds. The district court held that appellant's guilty plea had waived all non-jurisdictional challenges, including any Bailey issue, to his § 924(c) conviction and sentence, slip op. at 7, and denied the motion. This appeal followed.

In October 1996 this court held in Bousley v. Brooks that a petitioner had waived the right to collateral review of Bailey issues by pleading guilty and by failing to challenge the conviction and sentence on that ground on direct appeal. 97 F.3d at 287. The Supreme Court granted certiorari to resolve a split among the circuits over the permissibility of post-Bailey collateral attacks on § 924(c)(1) convictions obtained pursuant to guilty pleas, Bousley v. United States, 118 S. Ct. 31 (1997), and we held the present appeal in abeyance pending the Supreme Court's decision in Bousley v. United States.

On May 18, 1998, the Supreme Court decided Bousley v. United States, holding that a procedurally defaulted claim that a plea was unintelligent because of Bailey error may be considered on the merits if the petitioner can show either cause and actual prejudice or actual innocence. 118 S. Ct. 1610-12. We believe it appropriate to remand this case to permit the district court to reconsider in light of Bousley v. United States and Muscarello v. United States, No. 96-1654, 1998 WL 292058 (U.S. June 8, 1998).[2]

Accordingly, the order of the district court is reversed and the case is remanded to the district court for further proceedings.

---

[2]We note that because appellant pleaded guilty to "using and carrying" a firearm in violation of § 924(c)(1), on remand, he must show that he is factually innocent of both "using" a firearm as defined in Bailey and "carrying" a firearm as defined in Muscarello v. United States, No. 96-1654, 1998 WL 292058, at *2-10 (U.S. June 8, 1998), in order to establish a "gateway" factual innocence claim.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.