# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 96-2384

———————

United States of America,   *

           *

     Appellee,   *

           *  Appeal from the United States

   v.        *  District Court for the

           *  District of Nebraska.

Gary Apker,      *

           *

     Appellant.   *

———————

Submitted:  February 10, 1999
Filed:  April 19, 1999

———————

Before BOWMAN, Chief Judge, HANSEN, and MORRIS SHEPPARD ARNOLD,
   Circuit Judges.

———————

BOWMAN, Chief Judge.


   This case is before us on remand from the United States Supreme Court.  See Apker v. United States, 118 S. Ct. 2339 (1998), vacating and remanding 101 F.3d 75 (8th Cir. 1996), opinion vacated and mandate recalled, 156 F.3d 1344 (8th Cir. 1998). We are instructed to further consider the 28 U.S.C. § 2255 motion of Gary Apker in light of Hohn v. United States, 118 S. Ct. 1969 (1998), in which the Government conceded that a § 2255 motion alleging a Bailey error amounted to a constitutional claim for the purposes of 28 U.S.C. § 2253(c)(2).  Apker is in federal custody pursuant to his conditional guilty plea and resulting conviction on the charge of using

or carrying a firearm equipped with a silencer or muffler during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c). He appeals from the judgment of the District Court dismissing his § 2255 motion for procedural default. Recognizing that this case rests at the confluence of recent Supreme Court decisions, we reverse the judgment of the District Court and remand the case for further proceedings consistent with this opinion.

We begin with only a brief description of the criminal activity that resulted in Apker's eventual plea of guilty to a single violation of § 924(c), and then move to the procedural history of the case. More thorough recitations of the facts surrounding this case are reported at United States v. Friend, 101 F.3d 557 (8th Cir. 1996), and United States v. Lucht, 18 F.3d 541 (8th Cir. 1994).

A lengthy investigation of a large-scale conspiracy to distribute methamphetamine involving Apker and other members of the Omaha Chapter of the Hell's Angels Motorcycle Club culminated in October 1990 with the execution of search warrants at the homes of Apker and other club members. The search of Apker's home revealed a hidden safe containing a firearm equipped with a silencer, ten pounds of methamphetamine, a large amount of cutting agent, and approximately $200,000 in cash.

A thirty-three-count superseding indictment charged Apker and his co-defendants with conspiring to distribute and possess with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The indictment also alleged numerous related crimes, including that Apker used or carried a firearm equipped with a silencer or muffler during and in relation to a drug trafficking crime in violation of § 924(c). In exchange for the Government's promise to dismiss the indictment as it pertained to Apker, Apker agreed to enter a conditional plea of guilty to a one-count information charging him with a single violation of § 924(c).

Consistent with the plea agreement, Apker entered a conditional plea of guilty in the District Court and reserved the right to appeal the court's previous denial of certain motions to suppress evidence. At the change of plea hearing, the court carefully explained the elements of the § 924(c) violation and repeatedly confirmed that Apker understood the court's explanation. Furthermore, the court explained to Apker that mere possession of a firearm with a silencer "in and of itself wouldn't constitute sufficient evidence to convict you of the crime with which you are charged. You've got to have actually used or carried that firearm in the commission of a drug trafficking crime, all as I have heretofore explained to you." Hearing Tr. at 81. Finally, the court informed Apker that his guilty plea must be entered with knowledge of all the matters contained in Apker's plea petition and discussed at the plea hearing. Apker responded that he understood and maintained his conditional plea of guilty.

The court accepted Apker's plea and sentenced him to thirty years in federal prison and five years of supervised release. On direct appeal, Apker challenged the District Court's adverse suppression rulings, but did not challenge the validity of his plea. We affirmed the suppression rulings of the District Court. See Lucht, 18 F.3d at 546-50.

Nearly two years later, the Supreme Court decided in Bailey v. United States, 516 U.S. 137, 144 (1995), that the term "uses" in § 924(c) requires "active employment" of a firearm and, therefore, rejected the less rigorous standard that was the settled law of this Circuit. See United States v. Hellbusch, 147 F.3d 782, 783 (8th Cir. 1998) (recognizing Bailey's rejection of the "mere presence, availability or proximity" standard).

Claiming that his conviction was defective in light of Bailey, Apker filed a motion to vacate his sentence and withdraw his guilty plea pursuant to § 2255 and Federal Rule of Criminal Procedure 32(e). The District Court dismissed the motion with prejudice because Apker, by pleading guilty, had waived all non-jurisdictional

challenges, including any claim of factual innocence and any right to challenge the meaning of the terms of § 924(c).

Apker then sought review of the denial of his § 2255 motion in this Court. We denied Apker the certificate of appealability necessary for his appeal under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2253(c)(1),[1] because Apker did not assert the denial of a constitutional right as required by AEDPA, 28 U.S.C. § 2253(c)(2).[2] See Apker, 101 F.3d at 75. For this determination, we relied upon Hohn v. United States, 99 F.3d 892 (8th Cir. 1996) (per curiam), reversed, 118 S. Ct. 1969 (1998), in which this Court held that a § 2255 claim of Bailey error is not a constitutional claim for the purposes of AEDPA because "Bailey did no more than interpret a statute, and an incorrect application of a statute by a district court, or any other court, does not violate the Constitution." Hohn, 99 F.3d at 893. Apker thereafter petitioned for certiorari to the United States Supreme Court.

While Apker's petition for certiorari was pending, the Supreme Court vacated and remanded our decision in Hohn because "the Government now found itself in agreement with Hohn, saying his claim was, in fact, constitutional in nature." Hohn, 118 S. Ct. at 1972. One week later, the Supreme Court granted Apker's petition for certiorari, vacated our judgment, and remanded Apker's case to this Court for further consideration in light of the Government's concession in Hohn. See Apker, 118 S. Ct. at 2339. We thereupon granted Apker the certificate of appealability necessary

---

[1]Section 2253(c)(1) states in pertinent part: "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C.A. § 2253(c)(1) (West Supp. 1998).

[2]Section 2253(c)(2) states: "A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2) (West Supp. 1998).

for his appeal of the judgment of the District Court denying his § 2255 motion. That appeal is now before us.

We review de novo the District Court's denial of Apker's § 2255 motion. See Blankenship v. United States, 159 F.3d 336, 337 (8th Cir. 1998), cert. denied, 119 S. Ct. 844 (1999); Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir. 1992).

For reversal, Apker argues that, in light of Bailey and Muscarello v. United States, 118 S. Ct. 1911, 1917 (1998) (stating that the term "carries" in § 924(c) "implies personal agency and some degree of possession"), the parties, counsel, and the hearing court all misunderstood the terms "uses" and "carries" in § 924(c) at the time Apker pleaded guilty. Apker argues, therefore, that the hearing court did not adequately advise Apker of the exact nature of the § 924(c) charge, the guilty plea was not knowing and voluntary as required by due process, and the hearing court did not have a legally sufficient factual basis for accepting the guilty plea.

The District Court rejected similar arguments[3] made in Apker's § 2255 motion because they were not jurisdictional arguments and, therefore, were waived when Apker entered a valid plea of guilty. See Walker v. United States, 115 F.3d 603, 604 (8th Cir. 1997) ("The general rule is that a valid guilty plea waives all non-jurisdictional defects."); Mack v. United States, 853 F.2d 585, 586 (8th Cir. 1988) ("[A] plea of guilty . . . waives all challenges to the prosecution either by direct

---

[3]Apker argued to the District Court that no factual basis for his guilty plea existed, that he is factually innocent of the crime for which he was convicted, and that his conviction and sentence "are fundamentally defective and result in a complete miscarriage of justice." Petitioner's Motion to Vacate Sentence and to Withdraw Plea of Guilty at 1. For the purposes of this appeal, in light of the intervening Supreme Court precedent clarifying the law upon which Apker bases his appeal, we construe Apker's arguments to the District Court to be substantially the same as the arguments more clearly presented to us in Apker's appellate briefs.

appeal or by collateral attack, except challenges to the court's jurisdiction."). Furthermore, although the validity of a guilty plea–that is, whether the plea is knowing and voluntary–generally may be reviewed collaterally, see United States v. Broce, 488 U.S. 563, 569 (1989) (noting that collateral inquiry into a guilty plea "is ordinarily confined to whether the underlying plea was both counseled and voluntary"), Apker failed to challenge the validity of his plea on direct appeal and, therefore, has waived any such claim in this collateral proceeding, see Bousley v. United States, 118 S. Ct. 1604, 1610 (1998) ("[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.").

Apker does not deny that his § 2255 claims are procedurally defaulted, but argues instead that he should be given the opportunity to overcome the default by demonstrating his actual innocence.[4] For this proposition, Apker relies upon Bousley, which was decided during the pendency of Apker's petition for certiorari. In Bousley, the Supreme Court determined that, when a § 2255 petitioner has procedurally defaulted his claim that a Bailey error resulted in an involuntary and unintelligent guilty plea, the merits of the petitioner's claim may be collaterally reviewed "if he can

---

[4]Apker does not appear to argue that he can demonstrate cause and prejudice. Cf. Murray v. Carrier, 477 U.S. 478, 485 (1986) (stating a § 2255 petitioner "must show cause for the procedural default and prejudice attributable thereto in order to obtain review of his defaulted constitutional claim") (explaining Wainright v. Sykes, 433 U.S. 72, 87 (1977)). But even if Apker sought to make a showing of cause and prejudice, the Supreme Court in Bousley appears to have foreclosed that avenue to petitioners like Apker. The petitioner in Bousley, in an attempt to demonstrate cause for his failure to raise a Bailey issue on direct appeal, argued that the legal basis for his claim was not reasonably available to counsel when the petitioner pleaded guilty and that any pre-Bailey attack on the guilty plea would have been futile. The Court rejected both arguments and determined that the petitioner was unable to establish cause for his default. See Bousley, 118 S. Ct. at 1611; Jones v. United States, 153 F.3d 1305, 1307-08 (11th Cir. 1998) (explaining Bousley).

establish that the constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually innocent.'" Bousley, 118 S. Ct. at 1611 (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)); see also Hellbusch, 147 F.3d at 783-84 (explaining Bousley).

To prove actual innocence, Apker must show that, in light of all the evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the crime for which he pleaded guilty and was convicted. See Bousley, 118 S. Ct. at 1611 (citing Schlup v. Delo, 513 U.S. 298, 327-28 (1995)).  To rebut any showing that Apker might make, "the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy and would not normally have been offered before . . . Bailey."  Bousley, 118 S. Ct. at 1612.  Furthermore, if this is a case in which "the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those [more serious] charges."  Id. at 1612; see also Jones v. United States, 153 F.3d 1305, 1308 (11th Cir. 1998).

Although the District Court had no occasion to address the issue of actual innocence in light of Bousley, we conclude, based on the record before us, that Apker cannot demonstrate actual innocence of the drug trafficking charges that were alleged in the superseding indictment and dismissed in exchange for Apker's guilty plea.

The thirty-three count superseding indictment alleged that Apker and his co-defendants: conspired to distribute and possess with intent to distribute one kilogram or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count 1);  engaged in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a) (count 2); distributed methamphetamine in violation of § 841(a)(1) (counts 3-15); possessed with intent to distribute methamphetamine in violation of § 841(a)(1) (counts 16-29); traveled in interstate commerce with intent to carry on unlawful

activity in violation of 18 U.S.C. §§ 2 and 1952(a)(3) (count 30); conducted a financial transaction involving the proceeds of unlawful activity in violation of 18 U.S.C. §§ 2 and 1956(a)(1) (counts 31 and 32); and used or carried a firearm equipped with a silencer or muffler during and in relation to a drug trafficking crime in violation of § 924(c) (count 33).[5]   Considering the large amount of methamphetamine involved and Apker's criminal history, the potential existed for a sentence of life imprisonment had Apker been prosecuted and convicted of the charges brought against him.[6]

Apker's co-defendants, after either entering conditional guilty pleas or standing trial, were convicted on multiple counts of violating §§ 841(a)(1) and 846 and sentenced to prison terms ranging from 41 to 240 months for each count, to be served concurrently.  A spate of appeals followed, thus establishing in this Court a lengthy record of the criminal activity that instigated the investigation, prosecution, and conviction of the methamphetamine conspiracy.  For example, in the context of a claim by Timothy Egan that the evidence at trial was insufficient to establish that Egan was a voluntary participant in the methamphetamine conspiracy, this Court determined that "[f]rom listening to the intercepted conversations between Egan and Apker, the jury could have rationally determined that Apker fronted drugs to Egan for distribution and that Egan advised Apker about laundering money." Lucht, 18 F.3d

---

[5]Another indictment, not appearing in the record before us, apparently charged Apker and his co-defendants with eleven counts of drug trafficking and money laundering.  These charges, as they pertained to Apker, also were dismissed in exchange for Apker's guilty plea.

[6]See United States v. Apker, 964 F.2d 742, 743 (8th Cir. 1992) ("Apker is charged in two multi-count indictments with various offenses . . . .  He faces thirty years to life imprisonment on these charges. . . . [He] has a history of prior criminal conduct, including at least one conviction on a controlled substances charge.").  For details of Apker's past criminal exploits, see United States v. Apker, 705 F.2d 293 (8th Cir. 1983), cert. denied, 465 U.S. 1005 (1984).

at 552. Likewise, in the course of Dale Ray Haley's sufficiency-of-evidence challenge to his conspiracy conviction, we noted a taped conversation in which Haley and Apker "discuss[ed] problems with Apker's drug distribution business, including problems with his being paid with small bills." Id. And while considering Fred Friend's Bailey challenge, we began with the observation that "police found the handgun and silencer hidden with a large quantity of drugs and cash in a secret safe at the home of Gary Apker, the lead conspirator." Friend, 101 F.3d at 558. Furthermore, on Apker's direct appeal of the District Court's denial of Apker's motion to suppress evidence, our affirmance produced the statement that "officers knew that Apker had completed a drug transaction within hours of the search [and that] he had a hiding place for his drugs." Lucht, 18 F.3d at 549.

At Apker's change of plea hearing, the court methodically advised Apker of the elements of the § 924(c) offense charged in the one-count information to which Apker pleaded guilty: "[T]hat crime has two essential elements which are as follows: 1. That you committed a drug trafficking crime. . . . 2. During and in relation to the commission of that crime you knowingly used or carried a firearm equipped with a firearm silencer or a firearm muffler." Hearing Tr. at 36-37. The court paused to assure that Apker understood each element of the crime and that "the government would have to prove both of those elements beyond a reasonable doubt before you could be convicted." Id. at 37. The court then elaborated at length upon the meaning of the first element of the § 924(c) offense:

> THE COURT: Do you understand that . . . the term "drug trafficking crime" means any felony punishable under the Controlled Substances Act which is 21 United States Code 801, Section 801 and following, or the Controlled Substances Import and Export Act which is 21 USC Section 951 and following . . . and do you understand that?
>
> DEFENDANT APKER: Yes.

THE COURT: You were here and heard me explain to the other defendants what the crime of distribution of a substance or mixture containing methamphetamine was, didn't you?

DEFENDANT APKER: Yes.

. . . .

THE COURT: And did you hear me explain to the other defendants also the elements of the crime of possession with intent to distribute a substance or mixture containing methamphetamine? Did you hear me explain that crime and the elements of that to the other defendants here?

DEFENDANT APKER: Yes.

. . . .

THE COURT: Those are an example of . . . the type of felony punishable under the Controlled Substances Act, 21 USC Section 801 et seq., but it could be a crime such as that or some other crime. Do you understand that?

DEFENDANT APKER: Yes.

Hearing Tr. at 37-38. Finally, the court informed Apker that by pleading guilty he was attesting that he had knowledge of all the matters discussed at the plea hearing. Apker again responded that he understood and entered a conditional guilty plea.

"'A plea of guilty is the equivalent of admitting all material facts alleged in the charge. Under § 924(c), this includes admitting to an underlying drug offense sufficient to support a conviction under that section.'" United States v. Powell, 159 F.3d 500, 503 (10th Cir. 1998) (quoting United States v. Kelsey, 15 F.3d 152, 153 (10th Cir. 1994)), cert. denied, 119 S. Ct. 1088 (1999); see also O'Leary v. United States, 856 F.2d 1142, 1143 (8th Cir. 1988) ("In pleading guilty, a defendant admits

-10-

all of the factual allegations made in the indictment."); Adkins v. United States, 298 F.2d 842, 844 (8th Cir.) ("A plea of guilty is an admission of all the essential elements of an information or indictment so that no other proof on the part of the government is necessary for a judgment of conviction."), cert. denied, 370 U.S. 954 (1962). As is evident from the careful plea hearing conducted by the District Court, Apker's plea of guilty to the § 924(c) charge, which requires that Apker used or carried a firearm "during and in relation to a drug trafficking crime," was an admission that he had committed at least one drug trafficking crime. See Powell, 159 F.3d at 503 (holding petitioner's guilty plea to a § 924(c) charge was an admission sufficient to support a conviction under §§ 841(a)(1) and 841(b)(1)(B)(iii)).

In view of the foregoing discussion, we conclude there is no need for a remand on the question of Apker's actual innocence of the charges on which, through his plea agreement, he escaped prosecution. The question remains, however, whether the charges that the Government agreed not to prosecute in exchange for Apker's plea of guilty to the § 924(c) charge are "more serious" within the meaning of Bousley than the § 924(c) charge. See Bousley, 118 S. Ct. at 1612 (stating that petitioner's showing of actual innocence must extend to "more serious" charges foregone in the course of plea bargaining). We think it advisable to allow that question to be addressed initially by the District Court. Accordingly, we remand the case to the District Court. Only if the foregone charges are not "more serious" than the § 924(c) charge will Apker have overcome his procedural default, and only then will the District Court be obliged to hear Apker's claim of an unknowing and involuntary plea on its merits. See id.

The judgment of the District Court is reversed, and the case is remanded for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.