# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3966

_____

| | | |
|---|---|---|
| Tommie Joe Johnson, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| United States of America, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 15, 1999
Filed: July 30, 1999

_____

Before BOWMAN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

In 1990, Tommie Joe Johnson pleaded guilty to two drug-related charges and to using a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (1988). Johnson received a 120-month sentence on the drug charges and a 60-month consecutive sentence on the firearm charge. Johnson did not file a direct appeal. In 1995, the United States Supreme Court held a defendant must actively employ a firearm to "use" it within the meaning of § 924(c), rejecting this circuit's less rigorous standard. See Bailey v. United States, 516 U.S. 137, 143 (1995); United States v. Apker, 174 F.3d 934, 937 (8th Cir. 1999). Johnson then filed a motion to vacate and set aside his conviction and sentence on the firearm charge, see 28 U.S.C.

§ 2255 (1996), claiming his guilty plea on that charge was invalid after <u>Bailey</u>. The district court denied Johnson's motion, and Johnson appealed. We remanded for further consideration in light of the Supreme Court's decision in <u>Bousley v. United States</u>, 118 S. Ct. 1604, 1610-12 (1998), in which the Court stated a defendant can collaterally attack a pre-<u>Bailey</u> guilty plea as involuntary or unintelligent, despite procedurally defaulting the claim, if the defendant can demonstrate either cause and prejudice or actual innocence. Without holding an evidentiary hearing, the district court then granted Johnson's motion and vacated his § 924(c) conviction and sentence, stating that "[t]here is no showing [Johnson] actually used [the charged] weapons during a drug transaction."

The Government appeals, arguing the district court committed error on remand by granting Johnson's motion without an evidentiary hearing. We agree. In rebutting Johnson's claim of actual innocence on the § 924(c) charge, the Government is entitled "to present any admissible evidence of [Johnson's] guilt even if that evidence was not presented during [Johnson's] plea colloquy and would not normally have been offered before . . . <u>Bailey</u>. In cases where the Government has forgone more serious charges in the course of plea bargaining, [Johnson's] showing of actual innocence must also extend to those charges." <u>Bousley</u>, 118 S. Ct. at 1612.

Here, the Government concedes it cannot present evidence showing Johnson's active employment of a firearm on the § 924(c) count to which he pleaded guilty, but asserts it can present such evidence as to another § 924(c) charge dismissed in exchange for Johnson's guilty plea. The district court did not consider whether the dismissed § 924(c) count was a "more serious" charge within the meaning of <u>Bousley</u>, and we remand to give the district court the first opportunity to address that question. <u>See</u> <u>Apker</u>, 174 F.3d at 941. If the district court concludes the dismissed § 924(c) count is a more serious charge, then Johnson must show he is actually innocent of that charge as well and the Government is entitled to present evidence rebutting Johnson's claim. <u>See</u> <u>Bousley</u>, 118 S. Ct. at 1611-12.

We reverse the district court's judgment and remand this case for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.