# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2349

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Donald A. Hellbusch, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  October 16, 2000

Filed:  December 13, 2000

_____

Before McMILLIAN, HEANEY and BOWMAN, Circuit Judges.

_____

HEANEY, Circuit Judge.

Donald Hellbusch appeals the district court's decision that he must show actual innocence of all counts of the indictment before the court can consider his habeas claims on the merits. Hellbusch need not show actual innocence of the dismissed charges since they are less serious, on their face, than the § 924(c) count. We vacate the decision below and remand the case to district court for resentencing.

I.  Background

In February, 1993, appellant Hellbusch sold methamphetamine to a confidential informant and an undercover investigator.  The investigator subsequently obtained a search warrant for Hellbusch's residence, and conducted another controlled buy there.  Once the purchase was complete, a surveillance team entered the residence and executed the search warrant.  During the search the officers seized 23.05 grams of methamphetamine, one pound of marijuana, $900 in U.S. currency, drug paraphernalia, and four firearms.

On May 20, 1993, Hellbusch was charged in a four-count indictment.  Count I alleged distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1); Count II alleged distribution and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1); Count III alleged use and carriage of firearms in the commission of a drug trafficking offense in violation of 18 U.S.C. § 924(c); and Count IV alleged that Hellbusch was a felon in possession of firearms in violation of 18 U.S.C. § 922(g).

On January 31, 1994, Hellbusch pleaded guilty to Counts II and III.  The government agreed to dismiss Counts I and IV with prejudice.  Hellbusch was sentenced to six months imprisonment on Count II and 60 months imprisonment on Count III, to be served consecutively, followed by a three-year term and a five-year term of supervised release, to be served concurrently.  Hellbusch appealed this conviction based on the denial of his motion to suppress.  The court's judgment was affirmed in March 1995.

Hellbusch then filed a motion pursuant to 28 U.S.C. § 2255 and Federal Rule of Criminal Procedure 32(e) to vacate his sentence and withdraw his guilty plea due to the United States Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995).  The district court denied Hellbusch's motion on the grounds that he had

waived his challenges to the conviction and sentence by knowingly and voluntarily pleading guilty to the firearms count.

This court reversed and remanded on June 30, 1998 pursuant to the Supreme Court's decision in <u>Bousley v. United States</u>, 523 U.S. 614, 662 (1998) (holding that a procedurally defaulted pre-<u>Bailey</u> plea to a § 924(c) violation may be collaterally attacked if defendant can demonstrate either cause and actual prejudice, or actual innocence). Upon remand, the district court was to consider Hellbusch's claims in light of <u>Bousley</u> and <u>Muscarello v. United States</u>, 524 U.S. 125 (1998).

The district court denied Hellbusch's request for relief. The court determined that under <u>Bailey</u>, Hellbusch had not "used" a firearm for the purposes of a § 924(c)(1) conviction, but held that <u>Bousley</u> requires a demonstration of innocence as to all charges in the indictment, and that Hellbusch was unable to make such a showing with respect to the drug distribution and felon in possession charges (Counts I and IV). Hellbusch appeals the district court's decision.

II. Discussion

The appellant raises the following issues: (1) whether the district court erred in holding that Hellbusch must prove actual innocence of all charges in the indictment, not just the "more serious" charges; (2) whether Counts I and Counts IV, the dismissed charges under the plea agreement, are "more serious" than the § 924(c)(1) offense; (3) whether his guilty plea was invalid if his procedural default is excused; and (4) whether the case should be reassigned to another district court judge on remand. We do not believe that the partiality of the district court judge can be questioned here, and deny appellant's request to assign the case to another judge.

We agree with the district court's holding that as a matter of law there is insufficient evidence to conclude that Hellbusch used a firearm in the underlying drug

offense. We find that Hellbusch's conviction under 18 U.S.C. § 924(c)(1) is constitutionally invalid and must be set aside.

In Bousley, the Supreme Court explained that to overcome a procedural default a petitioner's actual innocence showing need only extend to the § 924(c) charge to which the petitioner pled guilty, and to any "more serious charges" that the government dismissed during the course of plea bargaining. 523 U.S. 614, 624 (1998); see also United States v. Halter, 217 F.3d 551, 553-54 (8th Cir. 2000). The question before us, therefore, is whether the dismissed charges, Counts I and IV, are "more serious" charges than § 924(c)(1).

Under the Federal Sentencing Guidelines, neither Count I nor Count IV of the original indictment is "more serious" than the § 924(c)(1) offense. In the analysis, the Guidelines serve as the proper basis for determining which of the charges is the more serious charge. See Halter, 217 F.3d at 553. Actual punishment, as opposed to the statutory maximum, is the relevant factor when comparing the seriousness of the charges. See Id. at 553. The court below correctly determined that the base offense level for Count II was eight, and that Hellbusch's criminal history level was III, yielding a 6-12 month sentence. Count III, the § 924(c) charge, required a five-year mandatory minimum sentence, to be served consecutively with the six-month sentence resulting from Count II.

The dismissed charges, Counts I and IV, would have resulted in base offense levels of 8 and 20 respectively, yielding 6-12 month and 41-51 month sentences respectively. The actual time served would have been less than the five-year mandatory minimum required by § 924(c), indicating that the dismissed charges, when grouped pursuant to United States Sentencing Guidelines Manual § 3D1.2, are less serious than the § 924(c) charge. Hellbusch need not show actual innocence of the dismissed charges since they are less serious, on their face, than the § 924(c) count.

For this reason the district court's opinion should be vacated and the case remanded to the district court for resentencing.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.