# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 99-3549

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Gary Apker, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 19, 2000
Filed: February 28, 2001

_____

Before HANSEN, MURPHY, and BYE, Circuit Judges.

_____

HANSEN, Circuit Judge.

Gary Apker appeals the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We reverse and remand.

I.

Apker was involved in a large-scale conspiracy to distribute methamphetamine between 1988 and 1990.[1] Apker was charged in a 33-count superseding indictment. Apker agreed to enter a conditional plea of guilty to a one-count information charging him with a single violation of 18 U.S.C. § 924(c), using or carrying a firearm equipped with a silencer in relation to a drug trafficking crime, in exchange for the government's promise to dismiss the remaining charges. Apker was sentenced to 360 months of imprisonment and five years of supervised release. After the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), Apker filed a § 2255 motion to vacate his sentence and to withdraw his guilty plea alleging he did not "use" a weapon in the manner prescribed in Bailey necessary to support a § 924(c) weapons conviction. His motion was denied, and this court refused to grant a certificate of appealability.

Apker's petition for certiorari was granted, and the Supreme Court remanded Apker's case back to this court. We thereupon granted Apker a certificate of appealability. Apker argued that his § 2255 Bailey-based claims, although procedurally defaulted through failure to include them in his direct appeal, should have been considered because he could overcome the default by demonstrating his actual innocence.[2] See Bousley v. United States, 523 U.S. 614 (1998). To prove actual innocence, Apker must show, in light of all the evidence, that it is more likely than not that no reasonable juror would have found him guilty, beyond a reasonable doubt, of the § 924(c) crime for which he was convicted. Id. at 623. In addition to showing his actual innocence of the § 924(c) weapons charge, Apker must show actual innocence

---

[1] For a more thorough discussion of the facts surrounding this case, see United States v. Friend, 101 F.3d 557 (8th Cir. 1996), and United States v. Lucht, 18 F.3d 541 (8th Cir.), cert. denied, 513 U.S. 949 (1994).

[2] Apker did not argue that he could show cause and prejudice to overcome the procedural default.

2

of any other dismissed charges if those dismissed charges were more serious than the § 924(c) charge. See id. at 624. We determined on the prior appeal that Apker could not demonstrate actual innocence of the dismissed counts. See United States v. Apker, 174 F.3d 934, 939 (8th Cir. 1999) ("[W]e conclude, based on the record before us, that Apker cannot demonstrate actual innocence of the drug trafficking charges that were alleged in the superseding indictment and dismissed in exchange for Apker's guilty plea."). We remanded the case to the district court for a determination of whether the dismissed charges were more serious than the § 924(c) charge, and we stated that only if the dismissed charges were not more serious would Apker have overcome the existing procedural default so that the district court would be obliged to address the merits of his otherwise defaulted § 2255 Bailey-based claims. Id. at 941. The district court concluded on remand that the dismissed charges were more serious and, therefore, denied Apker's § 2255 motion. Apker appeals.

## II.

We review de novo the district court's denial of a § 2255 motion. See id. at 937.

On appeal, Apker asserts that the district court erred in concluding that the dismissed charges were more serious than the § 924(c) charge. In reaching its decision, the district court considered only the maximum penalty available under the statute, concluding that because the statutory maximums for some of the dismissed charges were greater than the statutory maximum for the § 924(c) charge, the dismissed charges were more serious than the § 924(c) charge. In addition, Apker contends that the district court should have held an evidentiary hearing to determine the seriousness of the charges.

We agree that the determination of which charge is more serious should not be based on a comparison between the statutory maximums applicable to the respective charges but rather on the Sentencing Guidelines calculation of the appropriate

punishment. "[A]ctual punishment as determined by the Guidelines is the proper basis for identifying the 'more serious charge.'" United States v. Halter, 217 F.3d 551, 553 (8th Cir. 2000); see also United States v. Hellbusch, 234 F.3d 1050, 1052 (8th Cir. 2000). In Halter, this court adopted the approach of the Third Circuit. In United States v. Lloyd, 188 F.3d 184, 189 n.13 (3d Cir. 1999), that court observed:

> [I]t is the actual penalty prospectively assessed [the] defendant for each Count--determined in accordance with the refining criteria of the United States Sentencing Guidelines and set forth in the government's Presentencing Report–that is relevant to our comparison of the seriousness of the respective charges at the time of the plea bargain.

Consequently, the actual punishment Apker would have received had he been convicted of the dismissed charges, determined according to the Sentencing Guidelines and with the assistance of a new presentence investigation report analyzing those charges, must be determined in order to assess whether the dismissed charges were more serious than the § 924(c) charge. As stated in the previous Apker opinion, we think it is advisable that the district court initially make this determination. See Apker, 174 F.3d at 941. Because there is substantial disagreement regarding the proper offense level for the dismissed charges, the proper criminal history category for Apker, and the applicability or not of a mandatory life sentence, we remand for an evidentiary hearing so that the district court can determine the actual penalty Apker would have received on the dismissed charges.[3]

---

[3]Although the government states in its brief that Apker's adjusted base offense level would be 40 and places his criminal history at VI with a resulting sentencing range of 360 months to life in prison, Apker's counsel stated at oral argument that Apker should be placed at an adjusted offense level of 36 with a criminal history category of III, resulting in a sentencing range of 235-293months. In its discussion of the overall effect of Apker's plea bargain to the § 924(c) count, the revised presentence investigation report, dated June 4, 1992, however, states that Apker's total offense level, if convicted on all charges, would be "approximate[ly]" 42 with a criminal history category of III. (J.A. at 206.) Unfortunately, it is not clear from the presentence report

### III.

For the foregoing reasons, we reverse the judgment of the district court and remand for an evidentiary hearing to determine whether or not the dismissed charges are more serious than the § 924(c) charge to which Apker pleaded guilty.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

how a total offense level of 42 and a criminal history category of III were calculated or why the total offense level is just an approximate level. We note in passing several potential sentencing issues that the district court will likely find it necessary to address, including (but not limited to), whether or not the $230,346 in cash found in Apker's safe should be converted to a drug quantity for sentencing purposes, whether or not an adjustment for Apker's role in the conspiracy offense should be assessed, whether or not Apker has the requisite prior drug felony convictions to trigger a mandatory life sentence (or perhaps the career offender guideline), and whether or not Apker could qualify for an acceptance of responsibility adjustment, among others.