# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3035
_____

Kelly Preston,                              *
                                            *
      Petitioner - Appellant,          *
                                            *  Appeal from the United States
    v.                                    *  District Court for the Northern
                                            *  District of Iowa.
United States of America,                   *
                                            *        [PUBLISHED]
      Respondent - Appellee.           *
                                            *

_____

Submitted: October 9, 2002
Filed: November 27, 2002
_____

Before MURPHY, BEAM, and MELLOY, Circuit Judges.
_____

PER CURIAM.

     Kelly Preston appeals from the district court's[1] order dismissing his 28 U.S.C. § 2255 motion. Preston argues that his convictions for federal mail fraud cannot stand because the element of materiality was not submitted to the jury. After de novo review, we affirm. See United States v. Apker, 174 F.3d 934, 937 (8th Cir. 1999) (standard of review).

_____

    [1] The Honorable Donald E. O'Brien, United States District Court for the Northern District of Iowa.

In September, 1998, a jury convicted Preston of three counts of federal mail fraud in connection with the operation of a telemarketing business.[2] Preston and a partner had devised a scheme by which customers responding to nationally-placed advertising were induced to authorize a fee, usually $79, to be withdrawn electronically from the customers' bank accounts in exchange for an unsecured major credit card. The customers were never told that Preston could not guarantee a credit card or that additional application fees would be required to apply for even a secured card.

On October 19, 1999, Preston filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. He claimed, among other issues, that his convictions should be overturned because the district court failed to specifically instruct the jury that it must determine whether the fraudulent conduct went to material matters in the scheme to defraud. In support of his argument, Preston cited Neder v. United States, 527 U.S. 1 (1999), which was issued while his direct review was pending. In that case, the Supreme Court held that materiality is an essential element of federal mail fraud. See id. at 25.

The district court sustained the government's motion to dismiss Preston's § 2255 motion, holding, *inter alia*, that the jury instructions sufficiently addressed the materiality element. The district court subsequently granted a Certificate of Appealability limited to the Neder issue. Our review under Neder is potentially two-fold. First, we must determine whether, as claimed by Preston, the district court's instruction failed to submit the element of materiality to the jury. If we find the instruction deficient, we then apply harmless error review. See Neder, 527 U.S. at 4, 7-15 (holding that harmless error test set forth in Chapman v. California, 386 U.S. 18

---

[2] The jury verdict was affirmed on appeal. United States v. Preston, 187 F.3d 644 (8th Cir. 1999) (unpublished table decision).

(1967), applies where the district court failed to submit the element of materiality to the jury).

The district court's Instruction Number 5 substantially tracked the Eighth Circuit's model instruction in effect at the time. As relevant to this appeal, Instruction Number 5 described federal mail fraud as a knowing and willful scheme to defraud "by means of false and fraudulent pretenses, representations and promises." The model instruction has since been revised and now, consistent with Neder, requires that the scheme be conducted by means of *material* false representations, promises, etc. Preston argues that the absence of the qualifier "material" in the jury instruction used in his trial resulted in a constitutionally deficient verdict.

We agree with the district court that the issue of materiality was sufficiently represented in the jury instructions. In addition to the language quoted above, element one of the instruction incorporated the indictment which expressly referenced materiality. After describing in general terms how "customers were induced into authorizing the electronic withdrawal of funds by the false and fraudulent promises, representations and pretenses, and the willful omission and concealment of *material* facts, made or caused by the defendants" (emphasis added), the indictment, as set out in element one, goes on to "specifically" identify fraudulent conduct allegedly engaged in to carry out the scheme. This included false guarantees of an unsecured credit card in return for a $79 fee and concealment of the fact that, at best, customers would receive a packet containing a secured credit card application which required additional fees and made no guarantee of acceptance. Thus, the language of the indictment, incorporated into element one, expanded the scope of the jury's required findings for conviction and offered examples of conduct which might meet that expanded definition.

We need not determine whether the above, in and of itself, would be constitutionally sufficient after Neder because the instruction used in Preston's case also included a definitional section which addressed materiality. As relevant here, the jury was instructed that "[a] statement or representation is 'false' when it is untrue when made or effectively conceals a material fact." A "material fact" was then defined as "a fact that would be important to a reasonable person in deciding whether to engage or not to engage in a particular transaction."[3]

We conclude that Instruction Number 5, read in its totality, fairly and adequately informed the jury that any fraudulent representations, promises, or omissions relied upon in convicting Preston were required to be material. In this respect, we note that this case is markedly different than Neder where the trial court explicitly instructed the jury that they were not to consider the materiality of the alleged fraudulent statements or omissions and that materiality determinations were a matter of law for the court. See Neder, 527 U.S. at 6, 16 n.1.

Even were we to find Instruction Number 5 deficient, Preston's appeal would still fail under harmless error review. The evidence supporting materiality in this case was overwhelming as the charged false statements went to the essence of the scheme to defraud. Preston apparently did not contest the materiality issue at trial nor has he proposed any scenario by which a jury could rationally find in his favor on the materiality issue. See Neder, 527 U.S. at 17 ("[W]here a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported

_____

[3] These definitions are consistent with those reaffirmed by the Supreme Court in Neder: "[i]n general, a false statement is material if it has 'a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed.'" Neder, 527 U.S. at 16 (quoting United States v. Gaudin, 515 U.S. 506, 509 (1995)).

by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless.").

Accordingly, we affirm the district court.

BEAM, Circuit Judge, concurring.

I concur in the result reached by the court because I fully agree with its conclusions concerning harmless error. I am inclined, however, to believe that Instruction 5 permitted the jury to find mail fraud through a representation that "is untrue when made," nothing more. After <u>Neder v. United States</u>, 527 U.S. 1 (1999), this is a misstatement of the law. Accordingly, I do not agree that the jury was adequately informed on this issue. This was, however, harmless error.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.